THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM GARRETT, Appellant.

Fourth Department, March 4, 1974.

*Nathaniel A. Barrell (Charles D. Halvorsen* of counsel), for appellant.

*Michael F. Dillon, District Attorney (William E. Balthasar* of counsel), for respondent.

DEL VECCHIO, J.   Defendant appeals from a judgment of conviction on a plea of guilty to a charge of robbery in the third degree, a class D felony; he argues that the County Court erred in refusing to permit him to withdraw his plea when defendant sought to do so at the time of sentence.   The dissenting Justice departs from our affirmance of the conviction on the ground that, after his request to withdraw his plea, defendant was not accorded a proper hearing before the denial of his motion to withdraw, citing *People* v. *McClain* (32 N Y 2d 697).   In the circumstances of this case we think the procedure employed by County Court satisfied the requirements of *McClain,* in which the Court of Appeals noted: '' we do not say a hearing is always necessary '' (32 N Y 2d at p. 698; *People* v. *Goldman,* 34 N Y 2d 539).   If a hearing was necessary in this case, the proceedings which followed defendant's request to withdraw his plea constituted an adequate hearing.

On January 14, 1972 defendant was jointly indicted with one James Bell charged with robbery in the first degree (a class B felony) in that the defendant, intentionally aided by Bell, '' on or about the 25th day of October 1971 in this county forcibly stole a sum of money and a quantity of keys from Joe W. Dukes, and in the course of the commission of the crime displayed what appeared to be a firearm ''

On February 29, 1972 the codefendant Bell pleaded guilty to robbery third degree. Because of another charge of robbery lodged against him on February 7, 1972, defendant was not arraigned on the January, 1972 indictment until February 15, 1973, when counsel was assigned to him and in the presence of counsel he entered a plea of not guilty.

On March 8, 1973, after pretrial conferences at which there had been unsuccessful attempts on behalf of defendant to negotiate a plea to a class E felony, the case was set down for trial on April 2, 1973. When the People moved the indictment for trial on that date, defendant requested that new counsel be assigned. The court then permitted the first assigned attorney to withdraw, assigned a second attorney and adjourned the matter for one week, with the attorney to let the court know when he would be ready to proceed.

On April 11, 1973 defendant appeared in court with his counsel and requested and entered a plea of guilty to the reduced charge of robbery in the third degree (a class D felony). The minutes of those proceedings show that defendant, 22 years of age, stated at that time that no promise or other inducement had been made by his attorney or by anyone connected with the court; that no one had promised what sentence would be imposed; that he had discussed with his attorney the matter of withdrawing his former plea of not guilty and entering a plea of guilty to the reduced charge; that he understood that his plea would have the same effect as if a jury found him guilty; that he waived his right to a jury trial, his right against self incrimination and his right to be confronted by witnesses against him; that he understood the proceedings; that no force had been used by anyone to compel him to plead guilty and that he understood that he could be imprisoned up to seven years. Further, he admitted that he was the same person named in the indictment who forcibly stole a sum of money and keys from Joe Dukes on October 25, 1971. His attorney then stated that defendant's plea was being made by him after the attorney had informed him of the possibilities and the alternatives involved in the case, following a discussion with the District Attorney, and that defendant had been fully apprised by him of the alternatives involved. The court then accepted the plea of guilty to the reduced charge, ordered a probation investigation and report and fixed May 3, 1973 as the time of sentence.

The probation report, received by the court on April 25, 1973, showed that between July, 1962 and April 19, 1973 defendant had been charged with PINS, juvenile delinquency (extortion),

disorderly conduct, petit larceny, sexual misconduct, robbery second degree, harassment, assault second degree, unauthorized use of a motor vehicle and possession of a loaded rifle in a car, assault third degree and harassment; that he had been convicted of assault third degree and criminal mischief, and that on April 19, 1973 he had been indicted on a charge of robbery second degree on which he was then awaiting trial. It also stated that defendant claimed no mental difficulties either at the time he was interviewed by the probation officer or in the past.

The probation report based on " Information on present offense secured from: D. A. file complainant and defendant " revealed that " the complainant states that at about 2:30 A.M. on October 25, 1971 at 198 William Street, he was pushed back into the bathroom by the defendant. At this time, the co-defendant passed the defendant a revolver which he aimed at the complainant's head, taking $30.00 and a quantity of keys from the complainant. The complainant stated that the defendant threatened to kill him but was discouraged from doing so by the co-defendant. The complainant stated that the defendant further threatened his life at the police station ". Additionally, the report indicated that, after being placed under arrest at the scene of the crime " the defendant was found to have in his possession the keys and $30.00 allegedly stolen from the complainant." There is nothing in the report to indicate that defendant ever told the probation officer that he was innocent of the crime charged in the indictment.

On May 3, 1973 — the date set for sentence — before sentence was imposed, defendant's attorney stated that defendant was going to request a hearing with respect to an application to withdraw his plea of guilty. At that point the court said, " Very well, let's proceed with the hearing." The court then reviewed the events which had occurred before it when the plea was entered, reading into the record the minutes of the proceedings that had taken place at the time the plea was received on April 11 which, summarized above, included an admission by defendant of his identity as the person who committed the Dukes robbery on October 25, 1971, a waiver of his rights, an acknowledgment of discussion with his attorney of the plea and its effect and of his understanding of the proceedings, and a disclaimer of any coercion or promise as a motivation of the plea. Following the reading of the transcript the court invited defendant's counsel to indicate the basis on which he wished to have his client withdraw his plea.

The attorney then stated that, although the possibility of a plea had been discussed with defendant for several weeks prior to April 11, and although " he did understand, as the record has indicated, what he was doing ", he " had not time to contemplate it, to review it in his mind as fully as he would liked to "; that defendant subsequently thought he should not be taking a plea because he had not committed the crime, did not want to go to prison and wanted a jury trial.

After the District Attorney stated his opposition to the withdrawal the court inquired of defendant's counsel whether he had anything further to offer and counsel said that he did not.

The court then articulated the fact of defendant's representation by two attorneys and of the plea negotiations, recited defendant's admission of his participation in the crime charged and stated his conclusion that, without any question, defendant knew " what was going on ". The court acknowledged that a defendant may attack the voluntary and intelligent character of a guilty plea but concluded that in this case it was apparent from the record, and even from his attorney's own statement, that defendant had received advice of counsel and fully and completely understood the voluntariness of his act. Thereupon the application for withdrawal of the plea was denied and the case proceeded to sentence after the court had asked defendant and counsel whether they had anything to say, and both replied " no ".

Upon this record we believe that the court met the obligation imposed by *People* v. *McClain* (32 N Y 2d 697, *supra*) and that no further step was required before it denied the application to withdraw the plea. With the exercise of its sound discretion in making that determination we will not interfere.

Defendant, knowledgeable and criminally experienced and 22 years of age, was represented by two attorneys who worked for him to negotiate a bargained plea, one of which attorneys — by defendant's own statement — fully advised him of the consequences of his plea and counseled with him about the step he was taking in entering the plea, which was to a reduced charge from that set forth in the indictment. Before entering the plea defendant admitted his involvement in the crime of robbery. The probation report before the court at the time the request to withdraw was made showed factual substantiation of defendant's admission in the form of the presence of the stolen property on defendant's person at the time of his apprehension on the day of the crime. The sentencing court — which was the same court before which the plea had been entered — consciously reviewed what had occurred at the time of the plea and satis-

fied itself that defendant had then been represented and advised by counsel, had been aware of his rights including his right to trial if he so desired, had admitted his guilt of robbery and had understandingly and intelligently done so. It had also extended to defendant the opportunity through his counsel to make any showing he wished to support his request to withdraw his plea. Defendant's only response was his indication of a desire now to have a trial of the charge against him. That mere change of mind was insufficient to require a disturbance of the sentencing Judge's discretionary determination not to permit withdrawal of the plea.

Defendant here was accorded an examination by the court of the circumstances surrounding the taking of the plea, which demonstrated that the safeguards for such proceedings set up by *People* v. *Nixon* (21 N Y 2d 338) had been met, that there had been no infirmity in the proceedings and that nothing occurred subsequent thereto to cast doubt on defendant's competency or understanding at the time of the plea. That examination met the requirements of *McClain*; unlike *McClain*, there was here no summary denial of the application to withdraw, but a considered judgment predicated on a review of the plea proceedings and supported by a factual basis for the crime confessed.*

The determination not to permit the plea withdrawal was consistent with the statement in *People* v. *Dixon* (29 N Y 2d 55, 57): " A defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors including defendant's numerous prior convictions, the likelihood of eyewitness testimony confronting him at a trial and the hope of a reduced charge and sentence. (*Brady* v. *United States*, 397 U. S. 742, 756–757.) Under the circumstances of this case, the denial of the motion to withdraw the guilty plea was not an abuse of discretion. (Code Crim. Pro., § 337; *People* v. *Phillips*, 33 A D 2d 893, affd. 27 N Y 2d 892.) '' (See, also, *People* v. *Allen*, 32 N Y 2d 693.)

Upon the record before us we cannot say that justice requires a withdrawal of the plea of guilty or that as a matter of law the court abused its discretion in denying the application.

The judgment should be affirmed.

---

* As bearing on the necessity for such support, we note the statement in *People* v. *Clairborne* (29 N Y 2d 950): " A bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed (citations omitted)." (29 N Y 2d at p. 951.)

CARDAMONE, J. (dissenting). I feel constrained to vote to reverse and grant a hearing in light of *People* v. *McClain* (32 N Y 2d 697, revg. 37 A D 2d 919) where the Court of Appeals held that " Under these circumstances, namely, where prompt application is made, ' the court should be quick to offer the defendant an opportunity to withdraw his plea *and at the very least conduct a hearing* ' " (emphasis added). The majority distinguish this case from *McClain* on the facts. It seems to me, however, that the facts here are more strongly in appellant's favor than they were in *McClain*. Thus, here the appellant, after pleading guilty on April 11, 1972 and before May 3, 1972, the date set for sentencing, decided to apply to withdraw his plea and communicated this to his attorney. In *McClain,* the defendant simply showed up at the sentencing and surprised everyone, including his counsel, with his application to withdraw his plea. Also, in *McClain* the defendant did not categorically protest his innocence. Here appellant's attorney stated that appellant contacted him after the April 11 plea and quoted appellant as claiming " I have not committed this crime ". Finally, in *McClain* the defendant was at least given an opportunity to speak in his own behalf. Here the " hearing " consisted solely of the Judge reading the plea minutes into the record and permitting appellant's counsel to make a statement. No opportunity was afforded by the trial court to appellant to speak in his own behalf on his application to withdraw his guilty plea.

Under these circumstances and particularly where prompt application has been made it is an abuse of discretion to deny appellant's application to withdraw his guilty plea without at least granting him a hearing (*People* v. *McClain, supra*; *People* v. *Terry,* 42 A D 2d 974).

WITMER, J. P., MOULE and SIMONS, JJ., concur with DEL VEC-CHIO, J.; CARDAMONE, J., dissents and votes to reverse the judgment and grant defendant's motion to withdraw his plea, in a memorandum.

Judgment affirmed.