■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SANTANA, Appellant.

At the sentencing proceeding, defendant moved to withdraw his guilty plea, asserting that his drug abuse rendered him unable to form a criminal intent at the time of the homicide. This motion was properly denied. It is apparent from a review of the sentencing minutes that the defendant's allusions to his prior drug abuse were designed to elicit the court's sympathy and were not an assertion of his innocence. Moreover, his claim of being voluntarily intoxicated on the day of the murder is belied by the statements he made at both the plea and at sentencing, which clearly illustrated his intent to rob the deceased. For example, the defendant told of planning the robbery with his companion, of telling her not to choose anyone who might be too big for defendant to handle, and of his intent to "pinch" and then stab the victim. From these facts, it certainly appears that the defendant knew exactly what he was doing. As the court in *People v Morrison* (58 AD2d 699, 699-700) stated, "defendant's alleged intoxication is not relevant in this case because his own testimony * * * establishes that he was fully aware of what was occurring and what he was doing". Likewise, the instant defendant's plea allocution and his statements at sentencing clearly illustrate that his acts were intentional. Under the circumstances of this case, the sentencing court was not required to conduct further inquiry as to defendant's state of mind (*see, People v Hlinka,* 99 AD2d 497). In view of defendant's highly detailed factual allocution, his effective representation by counsel, and his prior experience in criminal proceedings, we find that the guilty plea was properly accepted. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.