■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS SUBA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.),

rendered October 16, 1981, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In the absence of anything in the record to suggest that the defendant's plea was either improvident or baseless, the sentencing court did not abuse its discretion in denying the defendant's application to withdraw his plea, predicated upon a bare assertion of innocence and having been under personal pressure at the time the plea was entered (see, People v Tinsley, 35 NY2d 926; People v Dixon, 29 NY2d 55; People v Garrett, 43 AD2d 503, affd 36 NY2d 727).

The remaining issues asserted on this appeal, which challenge the sufficiency of the defendant's plea allocution, were not preserved for appellate review because the defendant failed to raise them in his application to withdraw his plea prior to the imposition of sentence (see, People v Pellegrino, 60 NY2d 636; People v Bryant, 107 AD2d 817). In any event, the defendant's contentions are without merit. During the plea allocution, the defendant testified: "I was down in money. I had no money. It was late at night and I was drinking. I wanted to get some money somehow. So, I decided to take some * * * Me and my codefendant [Haynauth Persaud] decided to take it * * * I was drunk, but I knew what I was doing. I wasn't all that intoxicated. I am used to drinking. I seen a man walking by the bank. So, we walked up behind him and told him, 'This is a stickup,' and he had other thoughts in his mind. He pulled out something. It turned out to be a paint scraper. So, it turned into a fight. And as we was fighting and I stabbed him a few times and—I stabbed him and [Persaud] stabbed him a few times." In view of the defendant's acknowledgement that he had discussed defenses to the charges of felony murder and robbery with his attorney and his unprompted declaration that he knew what he was doing, albeit he had been drinking, there is nothing in the defendant's recitation of his participation in the crime indicating that intoxication could have been a realistic defense. Under the circumstances, the trial court was not under any duty to further inquire (see, People v Barton, 103 AD2d 750; People v Santana, 110 AD2d 789, lv dismissed 67 NY2d 656). Nor is the essential element of intent for felony murder lacking in the defendant's factual recitation of the crime (see, People v Santana, supra). The plea allocution clearly demonstrates that the defendant's guilty plea was knowingly, voluntarily and intelligently entered under the standard of review

set forth in *People v Harris* (61 NY2d 9). Thompson, J. P., Lawrence, Rubin, Kooper and Sullivan, JJ., concur.