■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYED ORR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered October 15, 1984, convicting him of attempted assault in the second degree (two counts), and attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve his right to seek appellate review of his plea allocution by failing to move before the court of first instance to withdraw his plea before the imposition of sentence (see, People v Pellegrino, 60 NY2d 636; People v Pascale, 48 NY2d 997). In any event, the defendant's contention is without merit. Nothing in the defendant's recitation of his participation in the crimes charged indicates that his alleged intoxication at the time of the crimes could have been a realistic defense. Moreover, the defendant's reference before the sentencing court to his intoxicated state appeared designed to elicit the court's sympathy rather than to proclaim his lack of intent to commit the crimes. Under the circumstances of this case, the sentencing court was not required to make further inquiry (see, People v Suba, 130 AD2d 526; People v Santana, 110 AD2d 789, lv dismissed 67 NY2d 656; People v Barton, 103 AD2d 750).

We see no merit to the defendant's argument that his sentence which was imposed pursuant to a negotiated plea bargain was unduly harsh or excessive. Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.