■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. CRIPPEN, Appellant. [601 NYS2d 152] —Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered December 1, 1986, convicting him of murder in the second degree (four counts), and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence; and (2), by permission, from an order of the same court, dated August 4, 1992, which denied his application pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The standard of review in assessing a claim of ineffective assistance of trial counsel is whether, under the totality of circumstances, defense counsel provided meaningful representation. Mere losing tactics must not be confused with ineffectiveness and a contention of ineffective assistance of trial counsel requires proof of less than meaningful representation rather than simple disagreement with strategies and tactics (see, People v Rivera, 71 NY2d 705; People v Benn, 68 NY2d 941; People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137; People v Aiken, 45 NY2d 394). In claims of deprivation of the right to effective assistance of counsel, reversal is not warranted unless the defense counsel's ineptitude actually had a probable effect on the outcome of the trial (see, People v Daley, 172 AD2d 619).

Our examination of the record indicates that the defendant received meaningful representation through competent trial counsel and we reject his numerous claims which seek to

second-guess his trial counsel's strategy. Retained counsel, *inter alia,* requested pretrial discovery and received *Brady* material; moved by an omnibus motion to dismiss the indictment on the ground of insufficiency; applied for and litigated a *Huntley* hearing in which he cross-examined witnesses and presented a witness to substantiate claims of police brutality and coercion; sought a change of venue based on the extensive pretrial publicity in this case; engaged in extensive voir dire of prospective jurors; delivered cogent opening and summation remarks stressing the absence of evidence establishing the defendant's guilt beyond a reasonable doubt; repeatedly advanced objections; extensively cross-examined witnesses and consulted with the defendant; and presented a substantial defense which included calling six witnesses and introducing 10 items into evidence.

There is a presumption of regularity which attaches to judgments of conviction (Fisch, Evidence § 1133 [2d ed 1977]). In order to overcome that presumption and entitle a defendant to a hearing on a motion to vacate the judgment pursuant to CPL 440.10, the defendant has the burden of coming forward with allegations sufficient to create an issue of fact as to matters not appearing on the record of the underlying conviction. In this case, the defendant failed in his burden and has not submitted any evidence as to how the witnesses who were not called on his behalf would have benefitted him. For failure to sustain his burden of proof that issues of fact outside the record existed sufficient to entitle him relief pursuant to CPL 440.10, the motion was properly denied without a hearing *(see, People v Satterfield, supra; People v Harris,* 131 AD2d 142). The testimony of the three individuals who the defendant urged should have been called by trial counsel would have been cumulative to that of the witnesses who testified at trial. As such, the defendant suffered no prejudice with respect to counsel's failure to call them *(see, People v Reilly,* 128 AD2d 649).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Ritter and Pizzuto, JJ., concur.