■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUDOLPH FORD, Respondent. [613 NYS2d 688] —Appeal by the People from an order of the Supreme Court, Kings County (Douglass, J.), dated March 15, 1993, which granted the defendant's motion to vacate his judgment of conviction rendered April 30, 1991, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence, and directed an immediate trial.

Ordered that the order is reversed, on the law, the motion is denied, and the judgment of conviction is reinstated.

The defendant pleaded guilty to manslaughter in the second degree for shooting his girlfriend in the head. After serving the minimum of his indeterminate term of 2 to 6 years imprisonment, the defendant was paroled. Upon being paroled, he was informed by the Immigration and Naturalization Service that he was subject to deportation to his native Jamaica because he had been convicted of a crime involving moral turpitude. The defendant then brought the instant motion to vacate his judgment of conviction for manslaughter in the second degree, and to substitute therefor a conviction for criminally negligent homicide, a crime not involving moral turpitude. The defendant alleged that his plea was involuntarily made because the court failed to inform him that he could be deported for being convicted of manslaughter in the second degree. The defendant also alleged that he received the ineffective assistance of counsel, because his counsel failed to

inform him of the possibility of his deportation. The Supreme Court (Douglass, J.), vacated the defendant's judgment of conviction and set the matter down for an immediate trial *(see, People v Ford,* 157 Misc 2d 668). The People appeal from this order, claiming that the court improperly vacated the defendant's judgment of conviction.

The defendant acknowledged in his motion papers that a motion to change a plea does not exist. Insofar as his motion could be deemed to be a motion to vacate the judgment of conviction pursuant to CPL 440.10, denial of the motion is mandated by CPL 440.10 (2) (c) because the issue could have been raised on direct appeal based upon the record of the defendant's plea allocution *(see, People v Cooks,* 67 NY2d 100).

In any event, there is no merit to the defendant's claim that his plea was involuntary because of the court's failure to advise him that he could be deported as a result of pleading guilty to manslaughter in the second degree. The court was not required to inform the defendant of this possible outcome, because deportation is a collateral consequence of a criminal conviction *(see, People v Williams,* 189 AD2d 910; *People v Avila,* 177 AD2d 426). Likewise, the defendant was not denied the effective assistance of counsel because his attorney failed to advise him that deportation was a possible consequence of conviction *(see, People v Avila, supra,* at 426; *People v Boodhoo,* 191 AD2d 448). Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.