(May 2, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. SMITH, Appellant. [641 NYS2d 905] —Cardona, P. J. Appeals (1) from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 20, 1992, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered December 13, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On December 10, 1991, defendant was indicted for murder in the second degree (three counts), attempted robbery in the first degree, burglary in the second degree and petit larceny. Following a suppression hearing, but prior to County Court rendering a decision, defendant pleaded guilty to a single count of murder in the second degree in full satisfaction of the indictment and waived his right to appeal. On May 20, 1992, defendant was sentenced to a prison term of 20 years to life in accordance with his negotiated plea bargain. Subsequently, defendant moved *pro se*, pursuant to CPL 440.10, to vacate the judgment of conviction. County Court denied that motion without a hearing on December 13, 1994. We granted defendant's application for permission to appeal that order. Defendant also appeals from the judgment of conviction.

Defendant first contends that his recitation of the circumstances of the crime negated the essential element of intent (*see*, Penal Law § 125.25 [1]; *People v Serrano*, 15 NY2d 304, 308-309) and, therefore, County Court erred by accepting his guilty plea without further inquiry to ensure that it was know-

ing and voluntary (*see, People v Lopez*, 71 NY2d 662, 666).* We disagree. During allocution, defendant stated that he fought with the victim while attempting to rob him and the victim "wound up getting stabbed in the back". Under further inquiry by the court, defendant admitted that he stabbed the victim with a knife and that it was his intention to cause the victim's death. This inquiry established all the essential elements of murder in the second degree (*see*, Penal Law § 125.25 [1]; *see, e.g., People v Suba*, 130 AD2d 526; *People v Santana*, 110 AD2d 789, *lv dismissed* 67 NY2d 656). Defendant's vague postallocution statement, contained in the presentence investigation report, that the victim "ran into the knife", does not, contrary to defendant's contention, cast significant doubt upon defendant's guilt (*see, People v Suba, supra*, at 527). Accordingly, that statement does not alter our determination.

Furthermore, we find no merit to defendant's argument that County Court improperly denied his CPL 440.10 motion without a hearing. To overcome the presumption of regularity which attaches to judgments of conviction, defendant was required to come forward with allegations sufficient to demonstrate that the nonrecord facts sought to be established would entitle him to relief (*see, People v Satterfield*, 66 NY2d 796, 799; *People v Crippen*, 196 AD2d 548, 549, *lv denied* 82 NY2d 848). Where, as here, that motion can be decided on the record and defendant's submissions, no hearing is required (*People v Satterfield, supra*, at 799). Defendant's conclusory claims (*see, People v Brown*, 56 NY2d 242, 246) of duress, fraud and misrepresentation on the part of County Court and counsel are belied by record proof demonstrating that he was fully apprised of the constitutional rights he was waiving, including the right of appeal, and that he knowingly, intelligently and voluntarily entered a counseled plea (*see, People v Seaberg*, 74 NY2d 1, 11; *People v Hicks*, 201 AD2d 831, 832, *lv denied* 83 NY2d 911; *see also, People v Molini*, 219 AD2d 780, 781). We note defendant's responses indicating that he was not threatened, coerced or forced to plead guilty, that he had an adequate opportunity to consult with his attorney, that he was entering his guilty plea freely and voluntarily because he was in fact guilty and that he was receiving a beneficial sentence. We also note that, in moving to vacate his conviction, defendant never retracted his admissions to the act charged (*see, People v Fiumefreddo*, 82 NY2d 536, 543).

---

* Although defendant failed to challenge the factual sufficiency of his plea allocution in his CPL 440.10 motion, the claim may be raised for the first time on appeal as an exception to the preservation rule (*see, People v Lopez, supra*, at 666).

We find equally unpersuasive defendant's argument raised in his *pro se* supplemental brief that his plea was involuntary because he was under the belief that if he went to trial and was found guilty, he would no longer have the right to get married. Although the plea minutes show that defendant alluded to the fact that marriage was promised in exchange for his guilty plea, the record reveals that County Court correctly qualified that matter as a ministerial act to be performed at a later date if defendant's fiance consented. In any event, defendant's claim in this regard clearly lacks merit. The Legislature's declaration of civil death under Civil Rights Law § 79-a operates to preclude marriage for life-sentenced inmates only during their incarceration (*see, Ferrin v New York State Dept. of Correctional Servs.*, 71 NY2d 42). Thus, an inmate who pleads guilty or is found guilty after trial of a crime punishable by life imprisonment may validly enter into marriage up to the imposition of sentence, or while on parole, or after discharge from parole (*see,* Civil Rights Law § 79-a [1]). Because civil death is a collateral consequence of a conviction carrying a life sentence (*see,* Civil Rights Law § 79-a [1]), neither County Court nor defendant's attorney were required to advise defendant of its implications prior to accepting his guilty plea (*see generally, People v Ford*, 205 AD2d 798, *affd* 86 NY2d 397).

We have considered defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit.

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.