■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ALEXANDER, Appellant. [681 NYS2d 109] —Mercure, J. P. Appeals (1) from a judgment of the County Court of Tompkins County (Sherman, J.), rendered March 11, 1996, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered January 14, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On September 13, 1995, an undercover State Police Investigator approached defendant, Aalia De Sarno and two other individuals who had congregated in front of a residence in the City of Ithaca, Tompkins County. The Investigator asked one of the unidentified men for cocaine but was refused because the man did not know him. The second unidentified individual, however, indicated that he knew the Investigator and removed what appeared to be several packets of cocaine from his pocket. Defendant interrupted this transaction, telling the man not to sell to the Investigator but that he should let De Sarno do it. The Investigator then approached De Sarno, who engaged in a brief conversation with defendant and then sold the Investigator a bag of cocaine for $20. As a result defendant and De Sarno were each indicted, defendant charged with criminal sale of a controlled substance in the third degree.

During the ensuing proceedings, defendant was represented by Benjamin Darden. Although De Sarno was initially repre-

sented by another attorney, she ultimately applied for permission to substitute Darden as her trial counsel. Despite pointed warnings issued by De Sarno's initial counsel, by the District Attorney and by County Court in connection with its in camera *Gomberg* hearing (*People v Gomberg*, 38 NY2d 307), and the potential for conflict, defendant and De Sarno expressed their desire to be represented by Darden (*see, People v De Sarno*, 239 AD2d 74, 77). The action proceeded to trial, the jury rendered a guilty verdict and defendant was sentenced to a prison term of $3\frac{1}{3}$ to 10 years. Defendant subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction on the basis of claimed ineffective assistance of counsel. County Court denied the motion without a hearing. Defendant now appeals the judgment of conviction and, by permission of a Justice of this Court, the order denying his CPL 440.10 motion.

We affirm. Initially, we reject the contention that County Court erred in denying defendant's CPL 440.10 motion without a hearing. Fundamentally, the trial court may deny a motion to vacate the judgment of conviction without a hearing if "[t]he moving papers do not allege any ground constituting legal basis for the motion" (CPL 440.30 [4] [a]; *see, People v Smith*, 227 AD2d 655, *lv denied* 88 NY2d 994). In this case, the sole basis for the motion was defendant's claim that he received ineffective assistance of counsel by virtue of his trial counsel's action in stipulating to receipt of the laboratory report identifying the substance sold to the Investigator as cocaine. We agree with County Court, first, that the alleged "inconsistencies" in the State Police laboratory paperwork pointed to by defendant are easily reconciled and raise no genuine issue as to the accuracy of the analysis or the integrity of the chain of custody of the evidence and, second, that defendant's stipulation was entirely consistent with the theory of his defense, i.e., that he took no part in the sale of the substance. Defendant having failed to come forward with competent evidence supporting a genuine ground for vacatur of the judgment, County Court did not err in summarily denying the motion (*see,* CPL 440.30 [4] [a], [b]; *People v Santiago*, 227 AD2d 657).

Turning now to the direct appeal, we reject the contention that defendant was denied effective assistance of counsel by virtue of Darden's joint representation of defendant and De Sarno. This Court has already determined that County Court conducted an appropriate *Gomberg* inquiry with regard to De Sarno (*see, People v De Sarno, supra,* at 77), and based upon the record before us we are satisfied that defendant also made an informed decision to proceed with Darden as counsel, de-

spite the potential for conflict. Further, unlike De Sarno, defendant has failed to come forward with any new evidence outside the record supporting a finding that his acceptance of joint representation was not knowing, voluntary and intelligent (*cf., id.*, at 77).

We further conclude that, viewed in the context of the entire summation, the prosecutor's statements to the effect that the defense was contrived cannot be found to have had " ' "a decided tendency to prejudice the jury" ' " (*People v Townsley*, 240 AD2d 955, 959, *lv denied* 90 NY2d 943, quoting *People v Halm*, 81 NY2d 819, 821, quoting *People v Ashwal*, 39 NY2d 105, 110) and also that the statement that the Investigator had no motive to lie constituted a fair response to defense summation attacks on that witness's veracity (*see, People v Rodriguez*, 159 AD2d 356, *lv denied* 76 NY2d 795). Finally, the sentence imposed was by no means harsh or excessive.

White, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed.