■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SIERRA, Appellant. [683 NYS2d 563] —Appeal by the defen-

dant from two judgments of the Supreme Court, Kings County (Leventhal, J.), both rendered December 6, 1996, convicting him of attempted murder in the second degree under Indictment No. 1127/96 and murder in the second degree under Indictment No. 1139/96, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that his plea of guilty to murder in the second degree was not voluntary because the court failed to inquire into a possible intoxication defense. This contention is unpreserved for appellate review, as the defendant did not move to withdraw his plea or to vacate the judgment in the Supreme Court, Kings County, on this ground (*see, People v Lopez,* 71 NY2d 662; *People v Claudio,* 64 NY2d 858). The "rare case" exception to the preservation doctrine does not apply, as the defendant's factual recitation of the underlying facts of the . crime during the plea proceeding established that his actions were intentional, and neither he nor his attorney suggested that he was unable to form the requisite criminal intent due to intoxication (*see, People v Ryan,* 243 AD2d 869; *People v Orr,* 144 AD2d 391; *People v Santana,* 110 AD2d 789). Under the circumstances, the defendant's statements to the police and in the presentence report do not cast significant doubt on his guilt or the voluntariness of his plea (*see, People v Toxey,* 86 NY2d 725; *People v Lopez, supra*).

Similarly, the defendant has not preserved for appellate review his contention that his plea to attempted murder in the second degree was involuntary. The defendant's recitation of the facts underlying the crime did not warrant an inquiry by the court as to a possible justification defense. Therefore, the exception to the preservation rule does not apply (*see, People v Bennett,* 223 AD2d 431).

The court was obligated to inquire further, however, when the defendant denied that he intended to kill the victim, as his statement negated an essential element of the crime (*see, People v Lopez, supra*). We conclude that the court made the requisite further inquiry to determine that the defendant knowingly and voluntarily entered a plea of guilty with full understanding of the consequences, even though he was only willing to admit to an intent to inflict serious physical injury (*see, People v Lopez, supra; People v Serrano,* 15 NY2d 304; *People v Brown,* 114 AD2d 1036). By pleading guilty to both indictments, the defendant was assured that concurrent sentences would be imposed, over the People's objection. Since neither the defendant nor his attorney expressed any dissatisfac-

tion with the court's remedial action, even when the issue was further addressed at sentencing, the defendant waived any challenge to the allocution, and no issue is preserved for review (*see, People v Lopez, supra*). Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.