■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE MATOS, Appellant. [812 NYS2d 577]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered March 1, 2005, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the voluntariness of his plea is unpreserved for appellate review since he did not move to

withdraw his plea on that basis before the court of first instance (*see People v Clarke,* 93 NY2d 904, 905 [1999]; *People v Pellegrino,* 60 NY2d 636, 637 [1983]; *People v Velazquez,* 21 AD3d 388 [2005], *lv denied* 5 NY3d 857 [2005]). In any event, the record demonstrates a valid guilty plea (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Harris,* 61 NY2d 9, 17 [1983]). The defendant's responses during the plea allocution were lucid and appropriate. Moreover, the defendant was familiar with the criminal justice system, having pled guilty on several prior occasions.

Based on the record, it appears that the defendant's statements at sentencing were designed to elicit the court's sympathy and were not an assertion that he had lacked the intent to commit the burglary due to intoxication (*see People v Bruno,* 147 AD2d 490 [1989]; *People v Orr,* 144 AD2d 391 [1988]; *People v Santana,* 110 AD2d 789 [1985]). Under the circumstances, the court was not required to make a further inquiry.

The defendant's contention that the court, sua sponte, should have ordered a competency exam pursuant to CPL 730.30 is without merit (*see People v Gomez,* 256 AD2d 356 [1998]; *People v Rowley,* 222 AD2d 718 [1995]; *People v Hollis,* 204 AD2d 569 [1994]; *People v Polimeda,* 198 AD2d 242, 243 [1993]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.