People v Rodriguez-Medina (2020 NY Slip Op 03731)





People v Rodriguez-Medina


2020 NY Slip Op 03731


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11745 2205/14

[*1] The People of the State of New York, Respondent,
v
Raymond Rodriguez-Medina, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Eugene Oliver, J.), rendered August 3, 2017, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second felony offender, to a term of 4½ years, unanimously affirmed.
Defendant's challenges to the voluntariness of his plea do not come within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal. Defendant's plea allocution establishes the voluntariness of the plea and contains nothing that casts any doubt on defendant's guilt (see People v Toxey, 86 NY2d 725 [1995]). Defendant's statement at sentencing, viewed as a whole, was not an assertion of the defense of justification requiring further inquiry, but an apologetic request for leniency, citing the victim's conduct as a mitigating factor (see People v Matos, 27 AD3d 485 [2d Dept 2006]). The record also fails to support defendant's assertion that he received misinformation about the issues that remained reviewable on appeal after his guilty plea. Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019]; People v Bryant, 28 NY3d 1094 [2016]), which forecloses review of his excessive sentence claim. Regardless of the validity of defendant's appeal waiver, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK