■ The People of the State of New York, Respondent, v Robert J. Wilsey, Appellant. [753 NYS2d 232] —Mercure, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered December 3, 2001, convicting defendant upon his plea of guilty of the crimes of rape in the second degree, sodomy in the second degree, driving while intoxicated and endangering the welfare of a child and the traffic infraction of possession of an alcoholic beverage in a motor vehicle.

Defendant's conviction arises out of his sexual relations with a 14-year-old girl and his subsequent arrest for driving while intoxicated. Prior to trial, defendant moved, inter alia, to suppress oral and written statements he had made at the time of his initial detention as violative of his *Miranda* rights. The People opposed the motion, but County Court summarily granted the motion to suppress the statements after finding that the People had not submitted any evidence to controvert defendant's allegations. The People then moved to reargue the motion, contending that a hearing was required on the suppression motion pursuant to CPL 710.60. County Court granted the motion to reargue and scheduled a suppression hearing. However, a plea agreement was reached before the scheduled hearing and, upon entry of guilty pleas in satisfaction of the indictment, defendant was sentenced to concurrent indeterminate prison terms of 3 to 9 years on the counts of rape in the second degree and sodomy in the second degree, with lesser concurrent sentences on the remaining convictions.

On this appeal, defendant contends that County Court improperly granted the People's motion for reargument because the People's papers in opposition to his suppression motion failed to raise any facts to controvert his allegation that his *Miranda* rights had been violated. It is well settled, however, that, pursuant to CPL 710.60, a hearing is required on a suppression motion whenever the People, in their motion papers, "refuse to concede the truth of facts alleged by defendant" (*People v Weaver*, 49 NY2d 1012, 1013; *see People v Letts*, 156 AD2d 868, 870; *People v Cole*, 97 AD2d 886). Because the People's motion papers on the suppression motion specifically controverted defendant's factual allegations, a hearing on the motion was required.

. The People concede that defendant's sentences of 3 to 9 years on the rape and sodomy convictions are illegal. Defendant was convicted of rape in the second degree, a class D felony (*see* Penal Law § 130.30), and sodomy in the second degree, also a class D felony (*see* Penal Law § 130.45). Neither of these crimes are considered violent felonies (*see* Penal Law § 70.02), and defendant was not sentenced as a second felony offender (*see* Penal Law § 70.06) or persistent felony offender (*see* Penal Law § 70.10). Under these circumstances, County Court was not permitted to impose sentences exceeding a maximum of seven years (*see* Penal Law § 70.00 [2] [d]). Accordingly, we must vacate the sentences on these counts and remit to County Court for resentencing (*see People v Maynard*, 295 AD2d 805, 806; *People v Phillip*, 279 AD2d 802, 804, *lv denied* 96 NY2d 905; *compare People v Roseboom*, 167 AD2d 784, 785).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentences imposed upon defendant for counts one and three of the indictment; matter remitted to the County Court of Delaware County for resentencing on these counts; and, as so modified, affirmed.