■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD STANLEY, Appellant. [786 NYS2d 533]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 21, 2003, convicting him of burglary in the third degree, criminal mischief in the fourth degree, and petit larceny, upon a jury verdict, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 3½ to 7 years on the conviction of burglary in the third degree, and one year each on the convictions of criminal mischief in the fourth degree and petit larceny.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of burglary in the third degree, criminal mischief in the fourth degree, and petit larceny is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

We find, however, that the defendant's adjudication as a second felony offender is without basis in the record. The Supreme Court erred in calculating the tolling of the 10-year limitations period under Penal Law § 70.06 (1) (b) (v). Based on the information contained in the predicate felony statement (see CPL 400.21 [2]), the defendant's 1987 conviction did not qualify as a predicate felony under Penal Law § 70.06 (1) (b) (iv) and (v). Since the error is apparent from the face of the record (cf. People v Sullivan, 153 AD2d 223, 233 [1990]), and involves the defendant's right to be sentenced according to law, it is not subject to the preservation rule (see People v Samms, 95 NY2d 52 [2000]; see also People v Nieves, 2 NY3d 310, 315 [2004]). Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing. Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.