■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON HILTS, Appellant. [807 NYS2d 493]—

Appeal from a judgment of the County Court of Schenectady

County (Eidens, J.), rendered July 14, 2003, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree.

In May 2003, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree, both class D felonies. He subsequently pleaded guilty to the charges and waived his right to appeal. In exchange, defendant was to be sentenced as a second felony offender to prison terms of 2 to 4 years on the drug charge and 3 to 6 years on the weapons charge, to run consecutively, and was also ordered to pay restitution of $240 and a forfeiture of $270. The basis for sentencing defendant as a second felony offender was his conviction on September 4, 1991 of attempted criminal sale of a controlled substance in the fifth degree, which he admitted. Defendant was sentenced in accordance with the terms of the plea bargain and now appeals.

Defendant challenges the legality of the sentence, arguing that his 1991 conviction did not provide a valid basis for his classification as a second felony offender because it occurred more than 10 years prior to the crimes at issue and there are no applicable tolling periods (*see* Penal Law § 70.06 [1] [b] [iv], [v]; *People v Stanley*, 12 AD3d 467 [2004], *lv denied* 4 NY3d 891 [2005]). Initially, we note that inasmuch as defendant's adjudication as a second felony offender resulted in a greater sentence than would have otherwise been imposed and, consequently, implicated his right to be sentenced according to law, it is not subject to the preservation requirement (*see People v Samms*, 95 NY2d 52 [2000]; *People v Stanley, supra* at 467). Turning to the merits, it is clear from the predicate felony statement that the prior crime occurred outside the 10-year window and the People concede that there are no applicable tolling periods. In view of this, the sentence must be vacated and the matter remitted to County Court for resentencing (*see People v Wilsey*, 301 AD2d 755, 756 [2003]). Given our disposition, we need not address defendant's remaining claim.

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for resentencing; and, as so modified, affirmed.