■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN SANCHEZ, Appellant. [825 NYS2d 460]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered March 22, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The jury's verdict rejecting defendant's agency defense was based on legally sufficient evidence and was not against the weight of the evidence. There was nothing in the undercover officer's testimony that supported an agency defense, and defendant's own testimony undermined that defense. Defendant admitted his motive in obtaining drugs for the undercover officer was purely economic rather than social, in that his sole purpose was to acquire free drugs. "The defense of agency is not intended to protect a person who arranges a drug transaction for the purpose of earning the equivalent of a finder's fee or broker's commission, in contrast to a person who performs a 'favor,' possibly rewarded by a tip or incidental benefit" (*People v Elvy*, 277 AD2d 80, 80 [2000], *lv denied* 96 NY2d 783 [2001], citing *People v Lam Lek Chong*, 45 NY2d 64, 75-76 [1978], *cert denied* 439 US 935 [1978]).

The court properly instructed the jury regarding defendant's agency defense (*see People v Job*, 87 NY2d 956 [1996]). The court appropriately conveyed the above-discussed distinction be-

tween acting as a middleman for profit and performing a friendly gesture with the incidental expectation of a tip. Defendant was not entitled to an expanded agency charge under *People v Andujas* (79 NY2d 113 [1992]). Although there was evidence that he took, as his fee, half of the drugs he obtained for the undercover officer, there was no evidence to suggest that defendant acted as a buyer in his own right.

The court's charge, viewed as a whole, clearly instructed the jury that the People had the burden of proving every element of the crime charged, and there is no reasonable possibility that the jury could have been misled as to the People's burden of proof (*see People v Fields*, 87 NY2d 821 [1995]).

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.