◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PRATT, Appellant. [834 NYS2d 130]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J., on speedy trial motion; Ronald A. Zweibel, J., at suppression hearing, jury trial and sentence), rendered September 9, 2004, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, and judgment, same

court (Ronald A. Zweibel, J.), rendered December 13, 2004, convicting defendant, upon his plea of guilty, of bail jumping in the second degree, and sentencing him, as a second felony offender, to a concurrent term of 2 to 4 years, unanimously affirmed.

Defendant's speedy trial arguments are unpreserved and we decline to review them in the interest of justice. Defendant's motion stated in conclusory terms that the People were not ready for trial within six months, and when the People identified periods that should be excluded, defendant did not reply (*see People v Goode,* 87 NY2d 1045 [1996]). Were we to review the claims, we would find that the record supports the court's findings of excludability with respect to each of the three periods at issue.

The court properly denied defendant's motion to suppress, as fruit of an unlawful detention, the purchasing undercover officer's confirmatory identification. The testimony of the purchasing officer together with that of the arresting officer, which included the detailed description of defendant that was radioed following the sale and testimony that he was the only person in the vicinity matching the description, demonstrated that there was probable cause for the arrest (*see e.g. People v Soto,* 260 AD2d 235 [1999], *lv denied* 93 NY2d 979 [1999]).

The court's charge on the agency defense conveyed the appropriate legal standards, and the court properly instructed the jury with regard to the relationship to that defense of an incidental benefit received from the buyer (*see People v Job,* 87 NY2d 956 [1996]; *People v Davis,* 273 AD2d 104 [2000], *lv denied* 95 NY2d 933 [2000]). In any event, defendant's own testimony negated his agency defense when he admitted that his desire to obtain drugs as compensation for arranging the transaction was not incidental, but was his sole motivation (*see People v Sanchez,* 35 AD3d 161 [2006]). Concur—Saxe, J.P., Sullivan, Nardelli, Gonzalez and Kavanagh, JJ.