■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO LADSON, Appellant. [839 NYS2d 28]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered November 10, 2004, convicting defendant, after a jury trial, of robbery in the first degree (two counts), criminal possession of a weapon in the second and third degrees, and criminal possession of stolen property in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's untimely mistrial motion made on the basis of the prosecutor's summation. The challenged remarks constituted fair comment on the evidence and were responsive to defense arguments, and the summation did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The prosecutor did not shift the burden of proof by commenting on the absence of documentation that would have supported a claim made by a defense witness (*see People v Overlee*, 236 AD2d 133, 143 [1997], *lv denied* 91 NY2d 976 [1998]; *see also People v Tankleff*, 84 NY2d 992, 994-995 [1994]). Moreover, in the same context, the prosecutor expressly reminded the jury that a defendant has no burden. The court also properly exercised its discretion in declining to provide any curative instructions relating to the prosecutor's summation.

The court properly exercised its discretion in imposing rea-

sonable limits on the scope of cross-examination (*see People v Melcherts*, 225 AD2d 357 [1996], *lv denied* 88 NY2d 881 [1996]; *see also Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). The court permitted all relevant lines of inquiry, and properly curtailed excessively lengthy and repetitive questioning. Defendant's remaining arguments concerning the court's conduct of the trial are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Wager*, 19 AD3d 263 [2005], *lv denied* 5 NY3d 811 [2005]).

The court's thorough and detailed identification charge advised the jury that identity must be established beyond a reasonable doubt and directed the jury's attention to factors affecting the reliability of an identification (*see People v Whalen*, 59 NY2d 273, 278-279 [1983]; *People v Ruffino*, 110 AD2d 198, 202 [1985]). The court was not obligated to include additional cautionary language contained in the Criminal Jury Instructions.

The court's *Sandoval* ruling, permitting inquiry into two of defendant's three felonies, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The fact that defendant was, as the court observed in making its ruling, "a career thief" was highly relevant to his credibility.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.