(March 19, 2009)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR ELLIS, Appellant. [874 NYS2d 642]—

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 17, 2006, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree and was sentenced, in accordance with a plea agreement, as a second felony offender to a three-year prison term. The basis for sentencing defendant as a second

felony offender was a February 1993 conviction of reckless endangerment in the first degree, which he admitted. On appeal, defendant claims that he was illegally sentenced as a second felony offender because neither the predicate felony statement filed by the People nor the sentencing minutes reflects the date he committed his prior felony or served his four-year period of incarceration.

Defendant correctly states that the second felony offender statement recites that defendant was previously convicted of reckless endangerment in the first degree in February 1993 without referencing the commission date of the prior offense or defendant's ensuing period of incarceration. At sentencing, however, defense counsel readily acknowledged that he reviewed the presentence report, which clearly reflects that defendant was convicted of reckless endangerment in 1993 for a crime committed in September 1992 and that he was incarcerated between June 1993 and May 1997. Notably, defense counsel denied that the presentence report contained any errors or omissions.

Defense counsel further acknowledged at sentencing that he had received, and reviewed with defendant, the second felony offender statement and that defendant admitted this prior offense. No objection was raised to any omission in the statement, namely, its failure to state the commission date or defendant's incarceration. Furthermore, at sentencing, County Court addressed defendant himself, specifically inquiring if he was convicted of reckless endangerment in February 1993 and if he was "a predicate offender for purposes of sentencing." Defendant answered each inquiry in the affirmative.

In our view, the second felony offender statement, coupled with the undisputed facts set forth in the presentence report and all answers to County Court's inquires by both defense counsel and defendant, establish that defendant had been convicted of a felony offense within the relevant statutory period as tolled by an intervening period of incarceration (*see People v McDowell*, 56 AD3d 955 [2008]; *see also* CPL 400.21 [2]; Penal Law § 70.06 [1] [b] [iv], [v]). In other words, there being no actual dispute that defendant indeed served nearly four years in prison between June 1993 and May 1997 and that this period of incarceration adequately tolled the statutory period (*compare People v Hilts*, 25 AD3d 1019 [2006]), defendant's sentence will not be disturbed.

Mercure, J.P., Lahtinen, Kane, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.