■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX ECHEVARRIA, Appellant. [932 NYS2d 485]—

By limiting courtroom closure solely to the duration of the trial testimony of two undercover police officers, and by noting that it would separately consider opening the proceeding to defendant's family members if any requested access to the courtroom during the period of closure, the trial court discharged its duty to consider reasonable alternatives to closing the proceeding (*see Presley v Georgia*, 558 US —, —, 130 S Ct 721, 724 [2010]; *People v Mickens*, 82 AD3d 430 [2011], *lv denied* 17 NY3d 798 [2011]; *People v Manning*, 78 AD3d 585, 586 [2010], *lv denied* 16 NY3d 861 [2011], *cert denied* 565 US —, 132 S Ct 268 [2011]).

The court's charge on the agency defense adequately conveyed the appropriate principles (*see People v Job*, 87 NY2d 956 [1996]; *People v Pratt*, 39 AD3d 315 [2007], *lv denied* 9 NY3d 849 [2007]). The court was not obligated to include all the language contained in the Criminal Jury Instructions (*see People v Ladson*, 41 AD3d 248, 249 [2007], *lv denied* 9 NY3d 877 [2007]), and nothing in the charge as given can be viewed as directing a verdict. In any event, defendant's own testimony negated his agency defense in that he admitted that his desire to obtain drugs as compensation for arranging the transaction was not incidental, but was his sole motivation (*see People v Sanchez*, 35 AD3d 161 [2006], *lv denied* 8 NY3d 949 [2007]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.