[988 NE2d 507, 965 NYS2d 771]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BYER, Appellant.

Argued March 18, 2013; decided April 25, 2013

**APPEARANCES OF COUNSEL**

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Bruce D. Austern* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Justin J. Braun, Joseph N. Ferdenzi* and *Nancy D. Killian* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant claims that his federal and state constitutional rights to a fair trial were violated by the admission of prejudicial evidence. At his trial for murder, arising from the multiple stabbing of his girlfriend's female friend and the subsequent dismemberment of her body, a police detective testified that during the course of defendant's initial statement, he told the detective that this was not his first body and that there were

nine others.* At another point in the trial, the victim's nephew testified that the victim told him that the defendant had threatened to "cut her up." Additionally, a social worker testified that defendant's live-in girlfriend (deceased by virtue of natural causes by the time of trial) had told the social worker about defendant's history of domestic violence. On the record before us, we find that any errors made were harmless because they did not taint the fairness of the trial and evidence of defendant's guilt was overwhelming.

The erroneous admissions, if any, did not rise to the level of a constitutional injury such as ineffectiveness of counsel or juror partiality (*see People v Arafet*, 13 NY3d 460, 467-468 [2009] [erroneous admission of prior bad conduct/crime was subject to nonconstitutional harmless error analysis]; *see also People v Mateo*, 2 NY3d 383, 399 [2004] [admission of defendant's statements about his commission of three other murders did not mandate reversal of the conviction]).

Errors of law of nonconstitutional magnitude may be found harmless where "the proof of the defendant's guilt, without reference to the error, is overwhelming" and where there is no "significant probability . . . that the jury would have acquitted the defendant had it not been for the error" (*People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Here, the jury heard overwhelming evidence of defendant's guilt and there was no probability that defendant would have been acquitted had this evidence been excluded.

The overwhelming evidence against defendant included three statements to police, confessing in detail to the crime—including the placement of stab wounds on the victim's body—about which no specifics were disclosed prior to defendant's confession. These statements were corroborated by forensic evidence including blood stains in the apartment and dismembered body parts in plastic bags strewn around the neighborhood. Although defendant testified that he falsely confessed out of love, to protect his girlfriend, such a story was utterly incredible. At the time of the murder the girlfriend was on dialysis, debilitated and too weak physically to have repeatedly and fatally stabbed

---

* The reference to the nine bodies was not part of defendant's subsequent signed or videotaped statements. The court instructed the police detective to mention the portion of the statement about the nine bodies only once during his testimony, instructed the jury to consider the statement about the nine bodies only as it related to the voluntariness of defendant's confession, and reiterated that instruction in its final charge to the jury. Significantly, the prosecutor did not mention the statement during her summation.

the obese decedent. Nor was there any conceivable motive explaining why the girlfriend would have attacked the victim, a close friend and protector. By contrast, defendant's confession made his own motive clear: the girlfriend had told him earlier in the day that she wanted to end their relationship and he vented his rage on her friend, the victim, who he thought was interfering in the relationship.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur.

Order affirmed, in a memorandum.