Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 23, 2010, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him to time served, unanimously affirmed.
Defendant’s constitutional challenges to his attorney’s momentary absence from a brief discussion (characterized by defendant on appeal as a “hearing”) about whether to replace an ill juror are unpreserved (see People v Narayan, 54 NY2d 106, 112-113 [1981]), and we decline to review them in the interest of justice. Unlike the situation in People v Strothers (87 AD3d *581 431 [1st Dept 2011]), the circumstances accorded counsel ample opportunity to preserve this issue. As an alternative holding, we reject defendant’s claims on the merits. First, there had been an off-the-record discussion of the juror issue that included all counsel including defendant’s counsel. Second, when the matter was discussed on the record, the codefendant’s counsel, who had spoken with defendant’s counsel, conveyed to the court the defendants’ joint position in favor of retaining the juror if possible, and the absence of any “conflict” between the defendants on this single issue is manifest. Finally, defendant’s counsel arrived in the courtroom before the ill juror was actually replaced by an alternate, and did not request to be heard any further. Based on all of these factors, we find no violation of defendant’s rights to counsel or to a fair trial (see Hunte v Keane, 1999 WL 754273, *5-8, 1999 US Dist LEXIS 14671, *18-22 [ED NY Aug. 24, 1999]).
The court properly denied defendant’s suppression motion without granting a hearing. Defendant’s allegations failed to raise a legal basis for suppression (see People v Burton, 6 NY3d 584, 587 [2006]). The detailed information provided by the People apprised defendant that his arrest was based on his complicity in a drug-selling operation over the course of a long-term police investigation, and specifically upon his driving a person who had allegedly conducted a series of drug sales. Defendant’s assertion that at the time of his arrest he had not “engaged in any criminal conduct,” and that he was “dropping off a family member” were insufficient to raise any factual dispute requiring a hearing (see e.g. People v Jones, 95 NY2d 721, 729 [2001]; People v Vermont, 96 AD 3d 573 [1st Dept 2012], lv denied 19 NY3d 1002 [2012]).
Defendant did not preserve his specific argument concerning the court’s ruling on courtroom closure during the testimony of undercover officers (see People v Alvarez, 20 NY3d 75, 81 [2012]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The trial court narrowly tailored the courtroom closure to the portion of the proceedings implicating overriding safety interests, namely, during the testimony of the two undercover officers (see People v Echevarria, 89 AD3d 545, 546 [1st Dept 2011], revd on other grounds 21 NY3d 1 [2013]). Further, the court made an exception for defendant’s family members to attend. It can thus “be implied that the trial court, in ordering closure, determined that no lesser alternative would protect the articulated interest” (People v Ramos, 90 NY2d 490, 504 [1997]). Presley v Georgia (558 US 209 [2010]) does not oblige a trial court to engage *582 in an on-the-record review of all alternatives before deciding upon a limited closure. Concur — Andrias, J.P., Moskowitz, Freedman, Manzanet-Daniels and Feinman, JJ.