Peters, EJ.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered May 29, 2012 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree and attempted petit larceny.
Following a jury trial, defendant was convicted of burglary in the second degree and attempted petit larceny. Sentenced as a second violent felony offender to 13 years in prison followed by five years of postrelease supervision, he now appeals.
We reject defendant’s contention that his statutory speedy trial rights were violated. The felony complaints commencing this action were filed on April 3, 2011 and, thus, the People had 183 days to declare their readiness for trial (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 208 [1992]). Between the filing of the felony complaint and the People’s August 29, 2011 declaration of readiness 147 days elapsed, all of which was deemed chargeable to the People. As to postreadiness delay, the People were charged 28 days for their failure to timely provide the grand jury minutes to the court in response to defendant’s motion to inspect, bringing the total days chargeable to the People to 175. Defendant argues that an additional 16 days of postreadiness delay should have been charged to the People due to their delay in serving him with a copy of their opposition to his omnibus motion, yet he has failed to show that this inaction led to any delay in the proceedings or impeded the trial’s commencement (see People v England, 84 NY2d 1, 4 [1994]; People v McCummings, 203 AD2d 656, 657 [1994]; compare People v McKenna, 76 NY2d 59, 64 [1990]; People v Johnson, 42 AD3d 753, 754 [2007], lv denied 9 NY3d 923 [2007]). Defendant’s challenge to the excludability of an additional period of delay is unpreserved for our review (see People v Goode, 87 NY2d 1045, 1047 [1996]; People v Luperon, 85 NY2d 71, 77-78 [1995]; People v Brown, 82 AD3d 1698, 1699 [2011], lv denied 17 NY3d 792 [2011]; People v Pratt, 39 AD3d 315, 316 [2007], lv denied 9 NY3d 849 [2007]).
Defendant’s challenge to the legal sufficiency and the weight of the evidence is similarly unavailing. The trial evidence established that, upon responding to a dispatch call for a burglary in progress at a residence in the City of Albany, police officers observed that a window had been shattered and heard movement within the home. Moments later, defendant came out of the front door and, although initially complying with an offi *1065 cer’s commands, he then fled. When he was apprehended, he was searched and a large quantity of coins was discovered on his person. Testimony revealed that the interior of the residence had been ransacked and a substantial number of coins was missing. Contrary to defendant’s claims, his intent to commit a crime within the home was readily inferable from the circumstances, including his unauthorized presence therein and his flight when confronted by police (see People v Hunter, 32 AD3d 611, 612 [2006]; People v Armstrong, 11 AD3d 721, 723 [2004], lv denied 4 NY3d 760 [2005]; People v Ferguson, 285 AD2d 838, 839 [2001], lv denied 97 NY2d 641 [2001]). Viewed in the light most favorable to the People (see People v Cabey, 85 NY2d 417, 420 [1995]; People v Contes, 60 NY2d 620, 621 [1983]), we find the evidence to be legally sufficient to support defendant’s convictions (see People v August, 33 AD3d 1046, 1049 [2006], lv denied 8 NY3d 878 [2007]; People v Armstrong, 11 AD3d at 723; People v Love, 307 AD2d 528, 529 [2003], lv denied 100 NY2d 643 [2003]). Further, evaluating the evidence in a neutral light, we are satisfied that the verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
Addressing defendant’s evidentiary challenges, Supreme Court properly permitted the People to introduce the large quantity of coins that had been found on defendant at the time of his apprehension, as this evidence was relevant to the issue of defendant’s intent and its probative value outweighed any potential for prejudice (see People v Alfaro, 19 NY3d 1075, 1076 [2012]; People v Edwards, 43 AD3d 1175, 1175 [2007], lv denied 10 NY3d 810 [2008]; People v Medina, 37 AD3d 240, 242 [2007], lv denied 9 NY3d 847 [2007]; see generally People v Scarola, 71 NY2d 769, 777 [1988]). Defendant’s assertion that his constitutional right to confrontation was violated by the admission of an out-of-court statement made by the victims’ neighbor is unpreserved (see People v Kello, 96 NY2d 740, 744 [2001]; People v Snyder, 91 AD3d 1206, 1213 [2012], lv denied 19 NY3d 968 [2012], cert denied 568 US —, 133 S Ct 791 [2012]; People v Wright, 81 AD3d 1161, 1164-1165 [2011], lv denied 17 NY3d 803 [2011]). To the extent that defendant objected to the admission of such testimony on the ground of impermissible hearsay, any error was harmless (see People v Kello, 96 NY2d at 744; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Finally, we reject defendant’s contention that he was illegally sentenced as a second violent felony offender. Although the second felony offender statement did not set forth the specific period of time that he had been incarcerated for two prior *1066 convictions (see CPL 400.15 [2]), the statement, coupled with the responses to Supreme Court’s inquiries by both defense counsel and defendant, “establish that defendant had been convicted of a [violent] felony offense within the relevant statutory period as tolled by an intervening period of incarceration” (People v Ellis, 60 AD3d 1197, 1198 [2009]; see Penal Law § 70.04 [1] [b] [iv], [v]; People v McDowell, 56 AD3d 955, 956 [2008]; compare People v Hilts, 25 AD3d 1019 [2006]).
Stein, McCarthy and Garry, JJ., concur.
Ordered that the judgment is affirmed.