## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 16, 2015                    106041
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

FREDERICK D. HEISERMAN,
                    Appellant.
_____


Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                    _____


        Cheryl L. Sovern, Clifton Park, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

                    _____


McCarthy, J.

        Appeal from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered June 23, 2013, upon a verdict
convicting defendant of the crime of criminal contempt in the
first degree.

        Amber Montour observed defendant in the front passenger
seat of a vehicle driven by the mother of defendant's infant son
(hereinafter the mother).  At that time, a stay-away order of
protection was in place prohibiting defendant from having any
contact with the mother, which had been entered by County Court
upon his prior conviction of criminal contempt in the second
degree.  Montour, who knew the vehicle occupants and was aware of
the order of protection, contacted the police.  A police officer
stopped the vehicle, then driven by the mother's brother, who

indicated that he had dropped off the mother at school, and arrested defendant, a passenger in the vehicle.

At trial, the parties stipulated to the terms of the order of protection and that defendant had a prior criminal contempt conviction. Montour testified that as she drove past the distinct vehicle driven by the mother, with which she was familiar, she saw the occupants from a "few feet" away and made eye contact with defendant. The mother testified, under subpoena, acknowledging that she was aware of the terms of the order of protection but wanted to see defendant that day and still loved him. She explained that she left home for school with her brother in the distinct car and picked up defendant; defendant sat in the front passenger seat, and she had a discussion with him regarding their child. She recounted that defendant got into her vehicle willingly, remained for 10 to 15 minutes and never asked to get out. Upon his conviction of criminal contempt in the first degree, County Court sentenced defendant, as a second felony offender, to 2 to 4 years in prison. Defendant appeals.

Defendant challenges County Court's trial ruling regarding his postarrest remarks to police. This argument centers on the court's ruling permitting a police officer to recount the substance of defendant's postarrest statements over his objection that the prejudicial effect of this evidence outweighed its probative value. Specifically, the officer testified that, after defendant was taken to the police station, he stated to an officer, "You're a nightmare. You were after me. You're doing this to me. You're harassing me, you f*cking b*tch."

While relevant evidence is generally admissible unless it violates an exclusionary rule, "relevant evidence  . . . may still be excluded by the trial court in the exercise of its discretion if its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury" (People v Scarola, 71 NY2d 769, 777 [1988]; see People v Caruso, 6 AD3d 980, 984-985 [2004], lv denied 3 NY3d 704 [2004]). However, evidence is relevant only "if it tends to prove the existence or non-existence of a material fact, i.e., a fact directly at issue in the case" (People v Primo, 96 NY2d 351,

355 [2001]; see People v Mateo, 2 NY3d 383, 424 [2004], cert denied 542 US 946 [2004]), and "[e]vidence of merely slight, remote or conjectural significance will ordinarily be insufficiently probative to outweigh [the] countervailing risks [of prejudice]" (People v Primo, 96 NY2d at 355 [internal quotation marks and citations omitted]).

Here, the People were required to prove that defendant intentionally disobeyed an order of protection that was "duly served" or of which he had "actual knowledge" because he was present in court when the order was issued, that the order required him to stay away from the protected party, and that he had been convicted of criminal contempt in the first or second degree in the prior five years (Penal Law § 215.51 [c]; see Penal Law § 215.50 [3]). The only disputed issues at trial were whether defendant had violated the order of protection and had done so intentionally. Defendant's remarks to the police officer were directed at the officer's motives and conduct and reflected defendant's disdain for her or the police, which were not relevant to or probative of any element of the charged crime or any material fact in issue (compare People v Austin, 115 AD3d 1063, 1065 [2014], lv denied 23 NY3d 960 [2014]). The remarks do not suggest a motive for defendant's violation of the order of protection and did not constitute an admission by defendant that he had intentionally violated the order of protection. Thus, as defendant's statements are not relevant to or probative of his motive or any disputed fact or element of the crime charged, they should not have been admitted into evidence. However, given the overwhelming evidence of defendant's guilt — including his stipulation that the order of protection was in place, Montour's testimony placing defendant in the vehicle with the mother and the mother's testimony that they voluntarily remained together in the vehicle for 10 to 15 minutes — there is no "significant probability" that he would have been acquitted had it not been for the admission of his postarrest statements (People v Crimmins, 36 NY2d 230, 241-242 [1975]; see People v Byer, 21 NY3d 887, 889 [2013]).

We are unpersuaded by defendant's further contention that the prosecutor's references in summation to Montour's lack of a motive to testify against defendant were improper and referred to

facts not in evidence.  While defense counsel's cross-examination of Montour did not directly address her motives for testifying, it did question her credibility and ability to observe the incident.  In his opening statement, defense counsel referred generally to witness "biases" and asserted, among other things, that "[p]eople sometimes make things up because they have reasons to make things up."  Where, as here, defense counsel attacks the credibility and alludes to the motives and biases of prosecution witnesses, the prosecutor is entitled in summation to fairly respond and argue that the witness is not biased and had no motive to lie (see People v Marcus, 112 AD3d 652, 653 [2013], lv denied 22 NY3d 1140 [2014]; People v Barber, 13 AD3d 898, 900 [2004], lv denied 4 NY3d 796 [2005]; People v Alexander, 255 AD2d 708, 710 [1998], lv denied 93 NY2d 897 [1999]; see generally People v Halm, 81 NY2d 819, 821 [1993]).  Viewing the prosecutor's remarks in the context of the trial and summations as a whole, defendant was not deprived of a fair trial.  Even if the prosecutor's remarks were not a fair comment on the evidence or a measured response to defense counsel's arguments, they "did not rise to the flagrant and pervasive level of misconduct which would deprive defendant of due process" or a fair trial (People v Robinson, 16 AD3d 768, 770 [2005], lv denied 4 NY3d 856 [2005]).

Finally, defendant's contention that County Court's charge was inadequate was not preserved for appellate review, as he did not make a request for a particular charge on intent and did not object to the charge as given (see CPL 470.05 [2]; People v Green, 119 AD3d 23, 30 [2014], lv denied 23 NY3d 1062 [2014]).  In any event, as County Court closely followed the Model Jury Charge, explaining clearly that intent means "conscious objective or purpose" (see CJI[NY] Penal Law § 215.51 [c]), no corrective action is warranted in the interest of justice (see CPL 470.15 [6] [a]).

Peters, P.J., Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court