People v Carter (2023 NY Slip Op 01147)

People v Carter

2023 NY Slip Op 01147

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Ind No. 3342N/16 Appeal No. 17420 Case No. 2019-1465 

[*1]The People of the State of New York, Respondent,
v
Daikwan Carter, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Roger S. Hayes, J. at hearing; Robert M. Mandelbaum, J. at jury trial and sentencing), rendered October 15, 2018, as amended October 19, 2018, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.
The court properly denied defendant's motion to suppress an identification made by an undercover officer. The photo array procedures were not unduly suggestive, and there was no substantial likelihood that defendant would be unfairly singled out (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). It is undisputed that the photographs depicted persons of generally similar appearance. The backgrounds of the photos were of various shades of gray, and although the background of defendant's photo was darker than that of the others, the record supports the court's finding that the color difference did not highlight defendant's photo (see People v Floyd, 173 AD2d 211, 212 [1st Dept 1991], lv denied 78 NY2d 966 [1991]; see also People v Mata, 174 AD3d 647, 647 [2d Dept 2019], lv denied 34 NY3d 982 [2019]). The record fails to support defendant's claim that this identification was influenced by the officer's photo identification of another defendant several days earlier. In any event, any error in admitting the in-court identification was harmless (see People v Crimmins, 36 NY2d 230 [1975]), as defendant's identity was independently established by a videotape, and was not at issue at trial, where defendant raised an agency defense. We have considered and rejected defendant's remaining arguments for suppression.
The court meaningfully responded to a jury note requesting an additional explanation of the agency defense when it reread the applicable Criminal Jury Instruction and supplemented it with additional language from relevant Court of Appeals case law (see People v Steinberg, 79 NY2d 673, 684 [1992]; People v Malloy, 55 NY2d 296, 301-302 [1982], cert denied 459 US 847 [1982]). The additional instructions correctly stated the law and adequately answered the jury's inquiry (see People v Sanchez, 35 AD3d 161, 161-62 [1st Dept 2006], lv denied, 8 NY3d 949 [2007]). Defendant has not demonstrated that he was "seriously prejudiced" by any claimed error in the court's response (People v Lourido, 70 NY2d 428, 435 [1987]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023