People v Jones (2026 NY Slip Op 00262)

People v Jones

2026 NY Slip Op 00262

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2022-04624
 (Ind. No. 7385/18)

[*1]The People of the State of New York, respondent,
vAndre Jones, appellant. 

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered May 26, 2022, convicting him of manslaughter in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a nonjury trial, of manslaughter in the second degree (Penal Law § 125.15[1]). He was sentenced, as a second felony offender, to a particular indeterminate term of imprisonment.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (Penal Law § 35.15; see People v Irving, 226 AD3d 703, 703). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the Supreme Court's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
"[E]vidence is relevant if it has any 'tendency in reason to prove any material fact'" (People v Mateo, 2 NY3d at 424, quoting People v Alvino, 71 NY2d 233, 241). All relevant evidence is admissible at trial unless barred by some exclusionary rule; however, even where relevant evidence is admissible, it may still be excluded in the exercise of the trial court's discretion if its probative value is substantially outweighed by the potential for prejudice (see People v Jin Cheng Lin, 26 NY3d 701, 727; People v Mateo, 2 NY3d at 424-425). "Relevant videotapes and technologically generated documentation are ordinarily admissible under standard evidentiary rubrics, and [t]he decision to admit or exclude videotape evidence generally rests . . . within a trial court's founded discretion" (People v Abrams, 231 AD3d 963, 964 [internal quotation marks omitted]; see People v Patterson, 93 NY2d 80, 84).
Here, contrary to the People's contention, the defendant's contentions that the Supreme Court improperly admitted into evidence an enhanced compilation video and certain police body-worn camera footage are preserved for appellate review (see CPL 470.05[2]). Moreover, the [*2]court improvidently exercised its discretion in admitting into evidence the enhanced compilation video, which depicted, inter alia, a photograph of a knife while highlighting an object in the defendant's hand, and also depicted a photograph of the victim's fatal wound while highlighting what appeared to be blood on the victim's shirt, since the probative value of the enhanced compilation video was substantially outweighed by the potential for prejudice (see generally People v Mateo, 2 NY3d at 424-425; cf. People v Stewart, 241 AD3d 1179, 1181; People v Williams, 238 AD3d 1076, 1078; People v Fernandez, 210 AD3d 693, 696). Similarly, the court improvidently exercised its discretion in admitting police body-worn camera footage, which depicted, among other things, the victim as he lay dying in the street, while a woman pleaded with him to open his eyes and a police officer attempted CPR (see generally People v Mateo, 2 NY3d at 424-425; cf. People v Ewers, 195 AD3d 857, 857-858). However, any error with regard to these evidentiary determinations was harmless, since the proof of the defendant's guilt, without reference to the error, was overwhelming and there is no significant probability that the court would have acquitted the defendant had it not been for the error (see People v Byer, 21 NY3d 887, 889; People v Crimmins, 36 NY2d 230, 242).
The defendant's contention that his adjudication as a second felony offender (Penal Law § 70.06) is unconstitutional is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court and did not contest his criminal history (see CPL 470.05[2]; People v Hernandez, 43 NY3d 591, 597-598; People v Smith, 242 AD3d 775, 775; People v Austin, 242 AD3d 763, 764). We decline to review the contention in the exercise of our interest of justice jurisdiction (see People v Smith, 242 AD3d at 775; People v Austin, 242 AD3d at 764).
The sentence imposed was not excessive (see People v Brisman, 43 NY3d 322; People v Suitte, 90 AD2d 80).
The parties' remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court