■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CAMACHO, Appellant. [646 NYS2d 6] —Judgment, Supreme Court, New York County (Harold Rothwax, J., at hearings; Leslie Crocker Snyder, J., at trial), rendered October 5, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years, unanimously affirmed.

Defendant has failed to preserve his contention that the jury selection procedure employed by the court, in which it seated 48 prospective jurors in the courtroom and declared it to be the expanded jury box, was contrary to the dictates of CPL 270.15 (CPL 470.05 [2]; see also, People v Agramonte, 87 NY2d 765). In any event, construing the statute according to the plain and ordinary meaning of its words, the procedure employed properly complied with the requirement that the court seat not less than 12 prospective jurors for examination at the same time. We note that the size of a jury box is variable and is not regulated by statute.

Defendant also failed to preserve his contention that the pro-

cedure employed by the court during voir dire, in which it first screened the entire panel in the presence of counsel, but in the absence of defendant, to determine whether any of the prospective jurors required further examination for bias or hostility, and then conducted a second inquiry in his presence, deprived him of his right to be present (CPL 470.05 [2]). Since he did not alert the court to his objection, the court was never provided with the opportunity to modify its procedure to allow him to be present at the initial screening. In any event, defendant did not have the right to be present at the initial screening because it involved questions of law (to wit, the categorization of the prospective jurors' concerns), which did not require his meaningful input (*see, People v Feliciano*, 88 NY2d 18). The court, at the initial screening, merely made a legal determination as to which jurors had the kind of concerns that, under *People v Antommarchi* (80 NY2d 247), would require defendant's presence during a subsequent inquiry. Defendant was present for all *Antommarchi* inquiries, which were conducted thereafter. Concur—Milonas, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.