■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CAMPBELL, Appellant. [687 NYS2d 343] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered August 1, 1995, convicting defendant, after a jury trial, of criminal possession of stolen property in the fifth degree, and sentencing him to 3 years probation and a $500 fine, unanimously affirmed.

Since defendant, in objecting to the court's jury selection procedure, merely asserted that such procedure was undesirable, and not that it was prohibited by law, he failed to preserve his present claims and we decline to review them in the interest of justice. Were we to review these claims, we would find that when the court swore 52 prospective jurors, seated in the jury box and elsewhere in the courtroom, for simultaneous voir dire examination by counsel, it did not violate CPL 270.15 or defendant's constitutional right to select a jury. "[C]onstruing the statute according to the plain and ordinary meaning of its words, the procedure employed properly complied with the requirement that the court seat not less than 12 prospective jurors for examination at the same time." (*People v Camacho*, 230 AD2d 604, *affd* 90 NY2d 558.) The parties were assisted by a detailed questionnaire which the jurors completed, and the record does not support defendant's speculative claim that the number of prospective jurors to be examined in a single round was too large to permit effective voir dire. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.