■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SERRANO, Appellant. [797 NYS2d 92]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; Leslie Crocker Snyder, J., at jury trial and sentence), rendered September 18, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. At the hearing, the arresting officer stated the very specific description that he had received by radio from the undercover officer, and testified that no one but defendant met that description. This was sufficient to enable the court to make a finding of probable cause, even though the witness never gave an express description of defendant's appearance at the time of his arrest (*see e.g. People v Soto*, 260 AD2d 235 [1999], *lv denied* 93 NY2d 979 [1999]).

The court properly denied defendant's challenge for cause to a panelist who initially expressed an opinion that defendant should present a case. The court responded with an extensive charge on defendant's freedom from any burden of proof, and the panelist gave his unequivocal assurance that he would follow that charge (*see People v Johnson*, 94 NY2d 600, 614 [2000]).

The court's use of an expanded jury box for voir dire did not violate CPL 270.15 (1) (a) or adversely affect defendant's ability to select a jury (*People v Association of Trade Waste Removers of Greater N.Y.*, 267 AD2d 137, 140 [1999], *lv denied* 94 NY2d 916 [2000]; *People v Campbell*, 259 AD2d 447 [1999], *lv denied* 93 NY2d 1015 [1999]; *People v Camacho*, 230 AD2d 604 [1996], *affd* 90 NY2d 558 [1997]).

There is no evidence in the record to suggest that defendant was mentally incompetent to stand trial. We have considered and rejected the remaining claims raised in defendant's pro se supplemental brief. Concur—Saxe, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.