[850 NE2d 1151, 818 NYS2d 175]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SERRANO, Appellant.

Argued May 11, 2006; decided June 8, 2006

**APPEARANCES OF COUNSEL**

*Center for Appellate Litigation,* New York City (*Carol A. Zeldin* and *Robert S. Dean* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney,* New York City (*Grace Vee* and *David M. Cohn* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed. The trial court did not abuse its discretion by calling 44 people for simultaneous voir dire questioning.

Defendant was arrested during a buy-and-bust operation in June 2001 for selling heroin. He was convicted of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). At the start of jury selection, the trial court called 44 individuals for simultaneous questioning, placing 12 in the jury box and the others in four front rows of the courtroom. The defense attorney objected to the number of prospective jurors, stating that he would have difficulty conducting an effective voir dire since many prospective jurors sat behind him.

The trial court overruled the objection, noting that this procedure was approved in *People v Camacho* (230 AD2d 604 [1st Dept 1996], *affd on other grounds* 90 NY2d 558 [1997]), that counsel could turn his chair around at any point to observe any prospective juror, and that although the follow-up questioning might take longer than usual, the 44-juror voir dire would continue in the interests of efficiency. The Appellate Division affirmed defendant's conviction and the trial court's procedure (19 AD3d 303 [1st Dept 2005]), citing its approval of this method

in *People v Association of Trade Waste Removers of Greater N.Y.* (267 AD2d 137 [1st Dept 1999]), *People v Campbell* (259 AD2d 447 [1st Dept 1999]), and *People v Camacho* (*supra*).

The relevant statute, CPL 270.15 (1) (a), states in part:

> "If no challenge to the panel is made as prescribed by section 270.10, or if such challenge is made and disallowed, *the court shall direct that the names of not less than twelve members of the panel be drawn and called as prescribed by the judiciary law.* Such persons shall take their places in the jury box and shall be immediately sworn to answer truthfully questions asked them relative to their qualifications to serve as jurors in the action" (emphasis added).

In 1981, this statute was amended to allow "not less than twelve" prospective jurors to be called in order to "permit the simultaneous examination of as many jurors as possible, and thus reduce the number of 'rounds' required to complete the selection" (Preiser, Practice Commentaries [McKinney's Cons Laws of NY, Book 11A, CPL 270.15, at 275]). The prior version mandated that 12 persons be seated for questioning. Tellingly, the Legislature set no upper limit for the number of prospective jurors, thus allowing judges discretion to make their courtrooms, and voir dire, more efficient.

Defendant has not demonstrated that he could not conduct a voir dire by the trial court's decision to expand the jury box. During voir dire, counsel expressed no inability to observe, hear or assess the demeanor and qualifications of, or exercise challenges against, any prospective jurors. There was also no evidence of prejudice on the record at the end of voir dire. We therefore conclude that there was no abuse of discretion in applying CPL 270.15 (1) (a).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.