■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY LEWIS, Also Known as HARRY LOUIS, Appellant. [829 NYS2d 72]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J., at hearing; Daniel P. FitzGerald, J., at jury trial and sentence), rendered August 21, 2003, convicting defendant, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed. Judgment, same court (Daniel P. FitzGerald, J.), rendered September 11, 2003, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him to a concurrent term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's suppression motion.

Defendant did not preserve, and the court did not expressly rule upon, his specific claim that it was insufficient for the arresting officer to testify that defendant fit a certain description, which the officer related in detail, without also testifying as to defendant's actual appearance, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see e.g. People v Ramos*, 287 AD2d 305 [2001], *lv denied* 97 NY2d 658 [2001]; *People v Soto*, 260 AD2d 235 [1999], *lv denied* 93 NY2d 979 [1999]).

The court properly exercised its discretion in denying defendant's mistrial motion, made after the prosecutor made a belated disclosure of certain photographs, since the court provided suitable alternative relief (*see* CPL 240.70 [1]; *People v Jenkins*, 98 NY2d 280 [2002]). Defendant failed to preserve the claim specifically asserted on appeal, that the untimely midtrial disclosure undermined the theory set forth in defendant's opening statement, and we decline to review it in the interest of justice. Were we to review this claim, we would find that it is unsupported by the record.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's argument concerning a request from the deliberating jury is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.