■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY POOLE, Appellant. [847 NYS2d 42]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered January 20, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. Probable cause was established, circumstantially (*see People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Mims*, 88 NY2d 99, 113-114 [1996]), by testimony that an undercover officer broadcast a specific description and location of two men who had just sold him drugs, and that, immediately thereafter, the testifying officer saw defendant, who matched one of the descrip-

tions, at the specified location in the custody of nontestifying members of the same police field team. "[T]he only rational explanation of how defendant came to be arrested" (*People v Johnson*, 281 AD2d 183 [2001], *lv denied* 96 NY2d 903 [2001]) is that members of the field team heard the radio communication and apprehended defendant on that basis.

Defendant's other argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal. Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ.