■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GONZALEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELESTE ORTIZ, Appellant. [856 NYS2d 99]—

Judgments, Supreme Court, New York County (Marcy Kahn, J.), rendered March 2, 2006 (defendant Gonzalez) and March 3, 2006 (defendant Ortiz), convicting defendants, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing each defendant to a term of 1 to 3 years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5) as to each defendant.

The verdicts are based on legally sufficient evidence and are not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The evidence satisfactorily explained the inability of the police to recover buy money from defendant Gonzalez, and there was no merit to defendant Ortiz's agency defense.

The court properly denied Ortiz's suppression motion. The hearing evidence established, circumstantially, that Ortiz was arrested because she matched the undercover officer's radioed description of one of the participants in a drug transaction (*see People v Poole*, 45 AD3d 501 [2007]).

The court properly denied defendants' challenge for cause to a prospective juror who demonstrated difficulty understanding the court's preliminary charge on the People's burden of proof,

since, after the court's further explanation of that subject, the panelist gave her unequivocal assurance that she understood the court's instructions and would follow them (*see People v Serrano*, 19 AD3d 303 [2005], *affd* 7 NY3d 730 [2006]).

The court properly exercised its discretion in permitting jurors to submit questions to witnesses, subject to a careful screening process (*see People v Miller*, 8 AD3d 176, 177 [2004], *mod on other grounds* 6 NY3d 295 [2006]). Defendants' assertion that certain questions revealed that the inquiring jurors had prematurely formed opinions on the merits is speculative.

The trial court properly denied defendants' CPL 330.30 (2) motions alleging juror misconduct. The record supports the court's findings, made after a thorough hearing, that there was no prejudicial misconduct that would warrant a new trial (*see People v Rodriguez*, 100 NY2d 30, 35 [2003]).

Defendant Ortiz's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record with regard to counsel's strategic decisions and allegedly unprofessional demeanor (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that Ortiz received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel made reasonable strategic decisions regarding the introduction of character evidence, and in handling aspects of Ortiz's prior conviction. Concur—Tom, J.P., Mazzarelli, Williams and Sweeny, JJ.