The People of the State of New York, Respondent, v Shawndale Mickens, Appellant. [917 NYS2d 630]—

The evidence at the *Hinton* hearing established an overriding interest that warranted the limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]). Therefore, the closure order did not violate defendant's right to a public trial. The officer testified, among other things, that he continued his undercover work in the vicinity of the charged crimes, that he had open investigations, that he had cases pending in the courthouse, that he had been threatened in other undercover investigations, and that he took precautions to protect his identity. This demonstrated that his safety and effectiveness would be jeopardized by testifying in an open courtroom, and it satisfied the requirement of a particularized showing (*see People v Ramos*, 90 NY2d 490, 498-499 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). Furthermore, the court considered and adopted a reasonable alternative to full closure, and the closure, which allowed family members to attend, was no broader than necessary. The court made adequate findings on the record to support its limited closure order.

The persistent felony offender statute (Penal Law § 70.10) is constitutional (*People v Quinones*, 12 NY3d 116 [2009]). Defendant's other challenges to the procedures by which he was adjudicated a persistent felony offender are without merit. The 2009 resentencing corrected any defects in the original adjudication. The court properly exercised its discretion regarding the adjudication, and we perceive no basis for reducing the sentence. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.