THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN JOHNSON, Appellant. [930 NYS2d 873]—

The People made a sufficiently particularized showing of an overriding interest justifying closure of the courtroom during the undercover officers' testimony, which included evidence that the officers expected to return to the vicinity of defendant's arrest for further undercover operations, that unapprehended subjects of investigations remained at large, that the officers had been threatened in other undercover investigations, and that the officers took precautions to conceal their identity (*see e.g. People v Ramos*, 90 NY2d 490 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). Instead of ordering a complete closure of the courtroom during the testimony of these officers, the court permitted defendant's family to attend. Since defendant only challenged the sufficiency of the People's showing, he did not preserve his remaining arguments concerning the court's closure ruling (*see e.g. People v Manning*, 78 AD3d 585, 585-586 [2010], *lv denied* 16 NY3d 861 [2011]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see id.*; *see also People v Mickens*, 82 AD3d 430 [2011], *lv denied* 17 NY3d 798 [2011]).

Defendant's challenges to the prosecutor's summation and the court's charge do not warrant reversal.

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.