■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW MOSS, Appellant. [933 NYS2d 258]—

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, including its evaluation of the arresting officer's use of documents to refresh his recollection.

Defendant claims that the arresting officer, who testified to the detailed radioed description on which he relied, and then testified that defendant matched that description, was also required to testify as to defendant's actual appearance. Since defendant's arguments were insufficient to alert the court to that specific claim, it is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see People v Lewis, 37 AD3d 176, 177 [2007], lv denied 9 NY3d 846 [2007]). The officer described defendant's appearance at the time of his arrest by incorporating by reference the detailed description he had just given.

The evidence at a Hinton hearing established an overriding interest that warranted closure of the courtroom (see Waller v Georgia, 467 US 39 [1984]; People v Ramos, 90 NY2d 490, 497 [1997], cert denied sub nom. Ayala v New York, 522 US 1002 [1997]). The undercover officer testified that he continued to work in, among other places, the area of the sale, that he had pending cases connected with that area, that he had been threatened while working in the area, and that he took precautions when entering the courthouse to protect his identity.

Instead of ordering a complete closure, the court permitted defendant's family to attend. In addition, it considered but rejected an alternative to closure proposed by defendant. Accordingly, the court satisfied the Waller requirement of considering alternatives to full closure (see Presley v Georgia, 558 US —,

—, 130 S Ct 721, 724 [2010]; *People Mickens*, 82 AD3d 430 [2011], *lv denied* 17 NY3d 798 [2011], *cert denied* 565 US —, — S Ct —, 2011 WL 4384159, 2011 US LEXIS 7608 [2011]; *People v Manning*, 78 AD3d 585, 586 [2010], *lv denied* 16 NY3d 861 [2011]).

The court properly exercised its discretion in denying defendant's midtrial motion for a severance. Defendant failed to demonstrate that, during trial, his defense and that of his codefendant had become so antagonistic as to require separate trials (*see People v Cardwell*, 78 NY2d 996 [1991]; *People v Mahboubian*, 74 NY2d 174, 183 [1989]). The codefendant's testimony was favorable to defendant, and defendant's argument that this testimony did more harm than good is speculative.

Defendant's claims regarding the prosecutor's summation and the court's interested witness charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Moskowitz, J.P., Renwick, DeGrasse, Abdus-Salaam and Román, JJ.