THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CASTILLO, Appellant. [936 NYS2d 675]

Contrary to the defendant's contention, the Supreme Court did not err in denying that branch of his omnibus motion which was to suppress physical evidence, as the evidence at the suppression hearing permitted the Supreme Court to infer that the police officers who stopped the defendant's vehicle had reasonable suspicion to do so based on the information that they had received minutes earlier from a radio transmission made by another officer (*see People v Coleman*, 62 AD3d 810, 810-811 [2009]; *People v Williams*, 52 AD3d 208 [2008]; *People v Gonzalez*, 50 AD3d 527 [2008]). Dillon, J.P., Lott, Roman and Cohen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL CHARLES, Appellant. [936 NYS2d 911]

Where a defendant knowingly, voluntarily, and intelligently waives the right to appeal as part of a plea agreement, the waiver will be upheld (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Kemp*, 94 NY2d 831, 833 [1999]; *cf. People v Bradshaw*, 18 NY3d 257 [2011]). Here, the defendant's valid and unrestricted waiver of his right to appeal forecloses appellate review of the claim he seeks to raise (*see People v Hershko*, 88 AD3d 1013 [2011]; *People v Walters*, 84 AD3d 984 [2011]; *People v Watt*, 82 AD3d 912, 912 [2011]). Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.