■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CERUTI, Appellant. [20 NYS3d 378]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered July 5, 2012, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings

up for review the denial, after a hearing, of the defendant's motion to suppress physical evidence.

Ordered that the judgment is affirmed.

During the early morning of November 11, 2009, two people were robbed at gunpoint by two men near the intersection of 19th Street and 21st Avenue in Queens. After the completion of the robberies, the two perpetrators were picked up by a vehicle which then fled the scene. Shortly thereafter, the defendant, who was driving a vehicle matching the description of the getaway vehicle, was arrested.

The hearing court properly denied the defendant's motion to suppress physical evidence taken from the vehicle. Contrary to the defendant's contentions, the police had reasonable suspicion to stop the vehicle that he was driving based upon a radio transmission indicating, inter alia, the make and color of the vehicle allegedly involved in the robbery (*see People v Argyris*, 99 AD3d 808, 809 [2012], *affd* 24 NY3d 1138 [2014]; *People v Castillo*, 91 AD3d 883 [2012]; *People v Bianchi*, 208 AD2d 551 [1994], *affd* 85 NY2d 1022 [1995]). Moreover, the police stopped the vehicle in close geographical and temporal proximity to the crime, as the stop occurred less than 20 minutes after the robberies, only minutes after receiving the initial radio transmission, and only about one mile from the location of the robberies (*see People v Bianchi*, 208 AD2d at 552; *People v Brooks*, 125 AD2d 481 [1986]; *People v Rivera*, 124 AD2d 682 [1986]).

Viewing the evidence in the light most favorable to the prosecution, we find that the evidence was legally sufficient to prove the defendant's guilt beyond a reasonable doubt (*see People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.