Mickens v. Larkin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of February, two thousand sixteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, Jr.,
*Circuit Judges.*

———————————————————————————

SHAWNDALE MICKENS,

*Petitioner-Appellant,*

v.                                                    No. 14-4747-pr

ROLAND LARKIN, Superintendent, Eastern
Correctional Facility,

*Respondent-Appellee.*

———————————————————————————

FOR APPELLANT:          RICHARD M. GREENBERG, Office of the Appellate
                        Defender, New York, New York.

FOR APPELLEE:           MICHELLE MAEROV, Assistant Attorney General
                        (Barbara D. Underwood, Solicitor General, Nikki
                        Kowalski, Deputy Solicitor General, *on the brief*), *for*
                        Eric T. Schneiderman, Attorney General of the State of
                        New York, New York, New York..

Appeal from the United States District Court for the Southern District of New York (Kimba M. Wood, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner-Appellant Shawndale Mickens, who is currently serving a sentence of 16 years to life imprisonment following a conviction in New York Supreme Court on two counts of criminal sale of a controlled substance, one count of criminal possession of a controlled substance, two counts of criminal possession a weapon, and one count of criminal sale of a firearm, appeals from the district court's denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. We granted a certificate of appealability on the question whether Mickens's right to a public trial under the Sixth Amendment was violated when the state trial court closed the courtroom to the general public during the testimony of an undercover officer. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

A federal court may grant habeas relief under § 2254 only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A petitioner seeking such relief must demonstrate that the state court's decision was "so lacking in justification that there was

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

Mickens argues that the state trial court and the Appellate Division misapplied the four-prong test set out by the Supreme Court in Waller v. Georgia for evaluating the constitutionality of a courtroom closure: "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." 467 U.S. 39, 48 (1984). However, Mickens has not shown that the state courts' application of that test warrants habeas relief under the exacting standard set forth above.

With respect to the first Waller prong, the state trial court identified "preserv[ing] the undercover's identity" and "ensur[ing] his safety and the safety of his family" as the interests served by the closure. J.A. 134. The Appellate Division concluded that these were "overriding interest[s] that warranted the limited closure of the courtroom." People v. Mickens, 917 N.Y.S.2d 630, 630 (1st Dep't 2011). Although the undercover officer's testimony did not point to any "specific threat[s]" to his safety or effectiveness, Appellant's Br. at 27, the Appellate Division did not unreasonably find, based on that testimony, that those interests "would be jeopardized" if he testified in an open courtroom, Mickens, 917 N.Y.S.2d at 630, and its decision did not unreasonably apply Supreme Court precedent.

Mickens next argues that the closure ordered by the state trial court, which permitted certain family members to remain in the courtroom and stated that other members of the public might be permitted to attend upon request, was broader than necessary to protect those interests. He does not identify any Supreme Court case so holding, however, and does not explain how his preferred alternative – posting an officer at the door of the courtroom and having the court make an individualized ruling for anyone seeking to enter – is superior to the measures in fact adopted by the trial court.

Finally, the Appellate Division held that the limited closure ordered by the trial court was itself a "reasonable alternative" to full closure that satisfied Waller's third prong. Id. at 631. That holding was not "an error . . . beyond any possibility of fairminded disagreement." See, e.g., Waller, 467 U.S. at 48–49 (suggesting, as an alternative to immediate closure of an entire suppression hearing, "closing only those parts of the hearing that jeopardized the interests advanced"); Brown v. Kuhlmann, 142 F.3d 529, 538 (2d Cir. 1998) (stating that "closure of the courtroom during the testimony of a single witness is itself a narrower alternative than closure for the duration of the proceeding"). Contrary to Mickens's contention, Presley v. Georgia, 558 U.S. 209 (2010), did not abrogate the Court's suggestion in Waller that "closing only those parts of the hearing that jeopardized the interests advanced," 467 U.S. at 48-49, might have constituted a reasonable alternative to full closure in the circumstances of that case. Thus, the *holding* in Presley does not require the conclusion that the state courts' actions here constituted an unreasonable application of Supreme Court precedent.

4

We have considered Mickens's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, Clerk of Court