The People of the State of New York, Respondent,
against
Henry Jerman, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered March 14, 2013, after a jury trial, convicting him of criminal sale of marijuana in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (James M. Burke, J.), rendered March 14, 2013, affirmed.
Defendant's challenge to the closure of the courtroom during the undercover officer's testimony is partially unpreserved and, in any event, without merit. Closure was proper since the officer's testimony at the Hinton hearing (People v Hinton, 31 NY2d 71 [1972], cert den 410 US 911 [1973]) demonstrated that he expected to continue working undercover in the vicinity of defendant's arrest, and that testifying at trial in an open courtroom would compromise his undercover work and jeopardize his safety (see People v Echevarria, 21 NY3d 1, 11 [2013], cert denied 571 US 1111 [2013]; People v Jones, 96 NY2d 213, 220 [2001]; People v Ramos, 90 NY2d 490, 498 [1997], cert denied 522 US 1002 [1997]). Moreover, the trial court adopted a reasonable alternative to complete closure of the courtroom by allowing the defendant to make an application for the presence of family members who might wish to attend and made findings which adequately supported the determination to close the courtroom (see People v Mickens, 82 AD3d 430 [2011], lv denied 17 NY3d 798 [2011], cert denied 565 US 990 [2011]). We note that defense counsel never requested that her supervisor be permitted to watch the undercover's testimony and her contention that her supervisor was not permitted to enter the courtroom during such testimony was untimely raised for the first time after the People had rested.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 20, 2019