People v Dunbar (2020 NY Slip Op 07089)





People v Dunbar


2020 NY Slip Op 07089


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-11019
 (Ind. No. 1217/09)

[*1]The People of the State of New York, respondent,
v
Jermaine Dunbar, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered September 22, 2016, convicting him of attempted robbery in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robert C. McGann, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence. By decision and order dated December 18, 2019, this Court remitted the matter to the Supreme Court, Queens County, to hear and report on those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence, and held the appeal in abeyance in the interim (see People v Dunbar, 178 AD3d 948). The Supreme Court, Queens County (Joseph A. Zayas, J.), has now filed its report.
ORDERED that the judgment is affirmed.
On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]; see People v Blinker, 80 AD3d 619, 620; People v Hernandez, 40 AD3d 777, 778; People v Thomas, 291 AD2d 462, 463). The defendant, however, "bears the ultimate burden of proving, by a preponderance of the credible evidence, that the evidence should not be used against him" (People v Thomas, 291 AD2d at 463; see People v Berrios, 28 NY2d 361, 367; People v Whitehurst, 25 NY2d at 391). "The factual findings and credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Baliukonis, 35 AD3d 626, 627; see People v Prochilo, 41 NY2d 759, 761; People v Blinker, 80 AD3d at 620; People v Johnson, 79 AD3d 905, 906).
Here, the People met their burden of establishing the legality of the police conduct in the first instance. Contrary to the defendant's contention, the police had reasonable suspicion to stop the vehicle in which he was a passenger based on a radio transmission connecting an attempted robbery to the getaway vehicle (see People v Ceruti, 133 AD3d 610, 611; People v Castillo, 91 AD3d 883; People v Bianchi, 208 AD2d 551, 551-552). The information regarding the description of the vehicle, although supplied by an unidentified citizen informant, was reliable in that it was [*2]provided during a face-to-face encounter with a police officer in the immediate vicinity of the crime scene (see People v Letriz, 103 AD3d 446, 446; People v Miles, 210 AD2d 353, 353). Moreover, the police stopped the vehicle in close geographical and temporal proximity to the crime insofar as the stop occurred about three minutes after the police received the radio transmission and only about six blocks away from the crime scene (see People v Ceruti, 133 AD3d at 611; People v Castillo, 91 AD3d 883; People v Bianchi, 208 AD2d at 551-552). During the stop, the police were justified in ordering the defendant out of the vehicle (see People v Robinson, 74 NY2d 773, 774-775). The police observed a blue striped shirt and gun in plain view on the floor in the rear of the vehicle and properly seized these items (see People v Alexander, 161 AD3d 762, 763; People v Frazier, 33 AD3d 934, 935; People v Diaz, 194 AD2d 688). The showup identification of the defendant as to the attempted robbery was made after the lawful stop and after only a brief detention (see People v Hicks, 68 NY2d 234, 241-242; People v Johnson, 104 AD3d 705, 705-706; People v Jacob, 94 AD3d 1142, 1144). Accordingly, we agree with the Supreme Court's determination to deny those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence.
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's comments on summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, it was permissible for the prosecutor to use her summation to comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), to respond to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or to make permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 831). To the extent that the prosecutor exceeded the bounds of permissible rhetorical comment, any error was harmless (see People v Torres, 72 AD3d 709).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court