People v Albert (2023 NY Slip Op 03239)

People v Albert

2023 NY Slip Op 03239

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2019-07228
 (Ind. No. 546/15)

[*1]The People of the State of New York, respondent,
v
James Albert, Jr., appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Ellen C. Abbot of counsel; Rachel A. Cregier on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered June 12, 2019, convicting him of robbery in the first degree, robbery in the second degree, burglary in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Barry A. Schwartz, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and identification evidence.
ORDERED that the judgment is affirmed.
After a jury trial, the defendant was convicted of, inter alia, robbery in the first degree in connection with an armed robbery at a Verizon Wireless store. On appeal, the defendant contends that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence and identification evidence, and that the sentence imposed was excessive.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence and identification evidence. In this regard, the defendant asserts that his initial detention by police officers for the purpose of a showup identification procedure was a de facto arrest unsupported by probable cause. Contrary to the defendant's contention, his initial detention for the purpose of conducting a showup identification procedure did not constitute a de facto arrest because it was brief and occurred at the location where the defendant was stopped (see People v Hicks, 68 NY2d 234, 241-242; People v Dunbar, 188 AD3d 1247). The fact that the defendant was handcuffed during the detention and that the police officers approached his vehicle with their hands on their holsters did not elevate the detention to a de facto arrest because the officers' actions were based on the reasonable belief that the defendant was armed and dangerous (see People v Gilford, 16 NY3d 864; People v Brujan, 104 AD3d 481; People v Gonzalez, 57 AD3d 560). The defendant failed to demonstrate how his detention could have been achieved through less intrusive means (see People v Hicks, 68 NY2d at 243).
Contrary to the defendant's contention, the Supreme Court properly determined that the police officers had reasonable suspicion to stop and detain him based upon the contents of a fellow police officer's radio broadcast providing a specific description of the getaway vehicle, [*2]including its license plate number, which was obtained by a police officer who canvassed the area to locate witnesses, the proximity to the site of the crime, and the short passage of time between the commission of the crime and the observation of the defendant (see People v DiFalco, 80 NY2d 693, 698; People v Currie, 131 AD3d 1265, 1265).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court