People v McLeod (2024 NY Slip Op 01880)

People v McLeod

2024 NY Slip Op 01880

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ.

Ind. No. 2259/18 Appeal No. 1963 Case No. 2019-4366 

[*1]The People of the State of New York, Respondent,
v
Larry McLeod, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ji Hyun Rhim of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Stolz, J.), rendered April 3, 2019, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The initial approach by the officers — at a "normal pace," without guns drawn, and without the utterance of any commands or questions — did not amount to a level three stop, but, at most, an exercise of the common-law right of inquiry (see People v Bora, 83 NY2d 531, 535-536 [1994]; People v DeBour, 40 NY2d 210, 223 [1976]). In any event, the officers had reasonable suspicion to stop defendant, based on the radio transmission of the description of the suspect and the temporal and spatial proximity to where defendant last attempted to use the victim's credit cards (see People v Paige, 154 AD3d 415 [1st Dept 2017], lv denied 30 NY3d 1107 [2018]). The officers' observation of defendant discarding a number of credit cards to the ground upon seeing them provided further reasonable suspicion for the stop. Reasonable suspicion then ripened into probable cause when officers saw the victim's name on the cards (see People v Wilson, 52 AD3d 239, 240 [1st Dept 2008], lv denied 11 NY3d 743 [2008]).
Defendant's contention that probable cause was not established because the police witness, who had testified that defendant matched the detailed radioed description upon which he relied, did not provide testimony as to defendant's actual appearance at the time of the arrest is unavailing (see People v Moss, 89 AD3d 600, 600 [1st Dept 2011], affd on other grounds sub nom. People v Echevarria, 21 NY3d 1 [2013]; People v Serrano, 19 AD3d 303, 304 [1st Dept 2005], affd on other grounds 7 NY3d 730 [2006]).
The record supports the court's finding that defendant intentionally abandoned the credit cards when he discarded them, and that the abandonment was not precipitated by illegal police action (see People v Ramirez-Portoreal, 88 NY2d 99, 110 [1996]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024