People v Grant

2026 NY Slip Op 02285

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Jermaine Grant, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2023-00661, (Ind. No. 70259/19)

Lara J. Genovesi, J.P.

William G. Ford

Helen Voutsinas

Donna-Marie E. Golia, JJ.

Marianne Karas, Thornwood, NY, for appellant, and appellant pro se.

Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and David L. Glovin of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Nassau County (Helene F. Gugerty, J.), rendered December 21, 2022, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

ORDERED that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress identification evidence. The defendant's initial detention for the purpose of conducting a showup identification procedure did not constitute a de facto arrest, because it was brief and occurred at a location where the defendant was stopped (see People v Albert, 217 AD3d 776, 776; People v Dunbar, 188 AD3d 1247, 1248-1249). Furthermore, the fact that a police officer approached the defendant with a weapon drawn and the fact that the defendant was handcuffed did not elevate the initial encounter into an arrest, as the officer had been informed that a shooting had occurred nearby and the assailant had fled in a vehicle matching the defendant's vehicle (see People v Gibson, 227 AD3d 1105, 1106; People v Albert, 217 AD3d at 776). Additionally, the People demonstrated that the showup procedure was not unduly suggestive, as it occurred approximately 90 minutes after the crime occurred and a few miles from the crime scene (see People v Bartlett, 137 AD3d 806, 806; People v Hudson, 71 AD3d 1046, 1047) and was part of an "unbroken chain of events" (People v Garcia, 210 AD3d 906, 907-908, affd 42 NY3d 1077; see People v Thomas, 164 AD3d 619, 620). Moreover, the showup procedure was not rendered unduly suggestive by the fact that the defendant was handcuffed and in the presence of uniformed police officers and police cars or the fact that a police officer shined a light on the defendant (see People v Deas, 226 AD3d 823, 825; People v Williams, 143 AD3d 847, 848).

The defendant's contention that the evidence was legally insufficient to establish his conviction of attempted murder in the second degree is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the [*2]prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).

The defendant's contention regarding the admission of non-eyewitness testimony identifying him from photographic evidence is unpreserved for appellate review (see CPL 470.05[2]). In any event, any error in admitting the testimony was harmless, as the evidence of the defendant's identity as the shooter was overwhelming, and there was no significant probability that the jury would have acquitted the defendant had that testimony been excluded (see People v Crimmins, 36 NY2d 230, 237; People v Lowe, 237 AD3d 1225, 1227).

The defendant's challenge to remarks made by the prosecutor during her opening statement and summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged comments were either fair comment on the evidence or, to the extent they were improper, were not so pervasive as to have deprived the defendant of a fair trial (see People v Flippen, 236 AD3d 815, 816; People v Dubarry, 215 AD3d 689, 691).

The defendant was provided with the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).

The defendant's contention that the sentence imposed by the County Court punished him for exercising his right to a jury trial is without merit. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (see People v Robinson, 228 AD3d 960, 961; People v Roland, 167 AD3d 942, 944).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.

GENOVESI, J.P., FORD, VOUTSINAS and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court